### EDWARD H. HAWKE, Plaintiff in Error, *vs.* ETHAN A. DEUEL, Defendant in Error.

A demurrer to a complaint was overruled, and the Defendant failing to answer, the Plaintiff was entitled to a judgment for the relief sought, upon taking proofs, &c.   Before taking proofs, the Court ordered the Plaintiff to proceed *instanter* and enter judgment upon the demurrer.   Under this order the Plaintiff entered a judgment, simply adjudging that the demurrer be overruled with costs to be taxed, without reference to the relief sought in the complaint. *Held,* That this was neither an interlocutory or final judgment; and cannot be reviewed in this Court on Writ of Error.

This was a Writ of Error to the District Court of Ramsey County, to review a judgment entered in said Court, by virtue of the order appealed from, in the case of Deuel, Appellant, against Hawke, Respondent, decided at this term (ante page 50). The judgment referred to, simply adjudged that the demurrer be overruled with costs to be taxed.

The Plaintiff below, moves to dismiss the writ in this Court, on the ground that such judgment is not such a final judgment as can be reviewed by this Court.

The facts will be fully understood by reference to the opinion of Mr. Justice Flandrau.

D. C. COOLEY, Counsel for Plaintiff in Error.

BRISBIN & BIGELOW, Counsel for Defendant in Error.

*By the Court.*—I. ATWATER, J.   This was a Writ of Error issued to the District Court of Ramsey County, in the same action in which the Defendant in Error brought appeal to this Court, and which was argued at this term.   The facts appear in the opinion of this Court, filed upon the decision of that appeal, and it is unnecessary here to repeat them.   Judgment was entered by the Clerk upon that order on the first day of January, 1858, and the Defendant below, thereupon, obtains a Writ of Error to review the judgment and previous proceedings.   This Court having held that order erroneous, and reversed it, it follows of course, that the Writ of Error brought upon the judgment entered upon such order, cannot be sustained, and must be dismissed, with full costs to be taxed.

Mr. Justice FLANDRAU filed the following opinion in this cause:

The Plaintiff in the Court below and Defendant in error here, moves to dismiss the writ of error in this case, on the ground that the judgment of the Court below is not a final judgment, but is irregular, premature and determines nothing, and is not such a judgment as can be brourgt to this Court for review.   The history of it is briefly this:   The action below prayed for the specific performance of a contract to lease, and the adjustment of accounts between the parties, and an application of the balance in favor of Plaintiff, to rents due from him to the Defendant.   The Defendant demurred to the complaint and judgment was ordered for the Plaintiff on the demurrer.   An order was subsequently made in the cause commanding the Plaintiff to enter the judgment on the demurrer without the taking of any proofs or the ascertainment of any facts, but merely a judgment, overruling the demurrer.   In pursuance of this order a judgment was entered on the first day of January, 1858, or what purports to be a judgment,

simply adjudging that the demurrer be overruled with costs to be taxed, granting no relief whatever to the Plaintiff, not even his costs. It is from this judgment the writ of error is brought. It is not pretended that the judgment is such an one as the Plaintiff is entitled to by law on his complaint being sustained, but that it is only entered in this shape to enable the Defendant to review the ruling of the Court below on the demurrer, and that it is final as to the disallowance of the demurrer. I have given my views *in extenso*, as to what constitutes a final judgment, in the case of *Deuel, appellant, vs. Hawke, respondent*, which was an appeal from the order on which this judgment was entered, decided at this term, and it is unnecessary to repeat them here. I am of the opinion that this is not a final judgment, as something remains to be done in order to give the Plaintiff the relief the law entitles him to; that it is not an interlocutory judgment, but a premature attempt to place an inchoate judgment of the Court in the record position of a final and perfected one, for the purpose of reviewing it; that until such proceedings are had and taken as to enable the Court below to embody in the judgment the relief the Plaintiff is entitled to recover in his action, it has no business to be placed on the judgment book, and cannot be brought to this Court by writ of error.

Some question was made by the counsel as to the power of the Court to grant costs on the dismissal of the writ of error. This question has been decided by this Court in the case of *Moody & Perkins vs. Stephenson*, 1 *Min. Rep.*, 401. Chatfield, Justice, on page 404, remarks that "the issuing of the writ of error is the commencement of a suit to review the judgment of the District Court. The writ issues of course, and the party who sues it out takes it at his peril. This Court has jurisdiction of the writ, and through it, of the subject matter and the parties. There is no want of jurisdiction, and the only reason why the Court will not proceed to judgment upon the merits of the record brought up by it, is because another proceeding allowed by law for the same purpose—an appeal—had before the issuing of the writ of error been selected and taken by the party who sued out the writ."

In that case the reason of dismissing the writ of error, was the pendency of an appeal from the same judgment, but the reasoning of the Court on the subject of the right to grant costs is applicable here. There the subject was already in the Supreme Court by appeal, and the writ had nothing to operate on. Here it is operative only to bring into this Court a record so defective, that we decline to proceed to judgment upon the merits. There costs were allowed on the motion to dismiss, and the costs of the Court also. We dismiss the writ here with the costs of this Court only, as the order on which this defective judgment was rendered, has been reversed, the judgment of course falls with it, and it is unnecessary to make any order concerning it here.