## The Aetna Insurance Company,

### *v.*

## Henry A. Swift, *et al.*

A decision may, under *Section* 226, *Ch.* 66, *Gen. Stat.*, consist either of an order, or a direction for an order or judgment; if an order, the clerk upon its being filed must pursue its terms; if a direction for an order, the order directed must be entered by the clerk, and its terms then followed.

The service of a copy of an order before filing the original, would, at most, be an irregularity, and the irregularity may be waived or cured.

An admission, of the service of an order not filed at the time of service, in the following words: "Due service by copy of within order is hereby admitted this August 20, 1866," signed by the attorneys for the party on whom the

The Aetna Insurance Co. v. Swift et al.

order was to be served, admits not only the mode of service, but the fact of service of the order, and that it is legal and proper, and the party making the admission is estopped from denying the validity of the service.

By a stipulation between the attorneys of the parties to an action, the plaintiff had thirty days to amend his complaint; before the expiration of the thirty days, the plaintiff's attorney requested the defendant's attorney to enter judgment in the action, stating that his client intended to appeal, and that he did not wish to amend the complaint; thereupon, and before the thirty days expired, the defendant served notice of taxation of costs, and entry of judgment in the action. Endorsed on the notice is the following: "Due notice, by copy, of the within notice, is hereby admitted this October 9th, 1866," signed by plaintiff's attorneys. *Held*, 1, that this request and statement constituted a waiver of the right to amend under the stipulation, and the notice was properly served.

2. By the admission endorsed on the notice, the plaintiff is estopped from denying a valid service of the notice.

The order for judgment on demurrer in favor of defendant was filed before the entry of judgment, and the time for amending the complaint had also elapsed. *Held*, that the authority to enter judgment was complete.

The judgment entered was as follows:

["TITLE OF ACTION.] The demurrer of the defendants herein to the complaint of the above named plaintiff, having been sustained by the decision of the court, filed in this cause on the 11th day of October, A. D. 1866, and no amended complaint, or copy thereof in this cause having been served on said defendant, or filed, and more then twenty days having elapsed since the service of the order of court sustaining the demurrer to said complaint; now on motion of Morris Lamprey, attorney for defendants, it is hereby adjudged and considered by the court, that said defendants do have and recover of The Aetna Insurance Company, the above named plaintiff, the sum of five and 35-100 dollars costs and disbursements herein. Signed this 11th day of Oct., A. D. 1866." The record shows that the defendants were entitled to a judgment on the merits, in proper form. *Held*, that the omission to insert in the judgment, that the defendants go without day, is a formal defect, but does not affect the substantial rights of the adverse party, and therefore must be disregarded; that the judgment is a substantial compliance with the law, and an appeal therefrom would authorize the appellate court to review and adjudicate the merits of the case, as fully as if a formal judgment had been entered in the action.

A judgment in this action was entered in the District Court

for Ramsey County, in favor of the defendants, Henry A. Swift and John B. Sanborn; a motion was made by plaintiff to set aside and vacate the judgment, and for leave to amend the complaint; the Court denied the motion, and from the order denying the same, the plaintiff appeals to this Court. The case is fully stated in the opinion of the Court.

Harvey Officer and Lorenzo Allis, for Appellant.

M. Lamprey, for Respondent.

*By the Court*—McMillan, J. This is an appeal from an order denying a motion to vacate and set aside the judgment, and for leave to amend the complaint in this action. The facts are these. The defendant Sanborn interposed a demurrer to the complaint, which by subsequent stipulation was to be considered as interposed by both defendants, and the decision on the demurrer to be considered as if upon demurrer of both defendants. Upon this demurrer the cause, after argument, was submitted to the Court, and on the 14th of August, 1866, a written decision was made by the judge, that an order be entered sustaining the demurrer, with leave to the plaintiff to amend the complaint within twenty days after service of such order, and on the same day an order in writing was made in the following words: "And now the demurrer in this cause to the complaint therein having been duly argued, and submitted, upon due advisement, ordered, that the said demurrer be, and the same is hereby sustained, with leave to the plaintiff to amend his complaint within twenty days after service of this order, by copy, upon his attorney.

                                   W. WILKIN,
                                        District Judge.

Dated August 14, 1866."

The decision and order were filed by the Clerk on the 11th day of October, 1866; endorsed upon the order is the following, "Due service, by copy, of within order is hereby admitted, this Aug. 20th, 1866.

VAN ETTEN & OFFICER,
Plaintiff's Att'ys."

The following stipulation in the action, is also contained in the paper book: "It is hereby stipulated, that the plaintiff may have thirty (30) days from date, to amend complaint in above action.

M. LAMPREY,
Defendants' Att'y.

VAN ETTEN & OFFICER,
By HARVEY OFFICER, Plaintiff's Att'ys.

Dated Sept. 10th, 1866."

An affidavit of default was made by the defendants' attorneys, and notice of application for taxation and allowance of costs, and entry of judgment in the action, on the 11th of October, 1866, was given; on the notice is endorsed the following: "Due notice by copy, of the within notice is hereby admitted this Oct. 9th, 1866.

VAN ETTEN & OFFICER,
By HARVEY OFFICER, Plaintiff's Att'y."

The judgment was entered on the 11th of October, 1866.

On the 23d of October, 1866, a notice of motion to vacate and set aside the judgment, with a copy of the affidavit of Harvey Officer, was served upon the defendants' attorney, and on the hearing of the motion, the defendants introduced the affidavit of Morris Lamprey in opposition thereto. The motion was argued and submitted to the court, and on the 13th of April, 1867, was denied; from this order the present appeal is taken by the plaintiffs. In addition to the facts which appear from the record in the cause, it appears from

the affidavit of the plaintiff's attorney, used in support of the motion, that a paper, purporting to be a copy of an order signed by the Judge, dated the 14th of August, 1866, sustaining the demurrer of the defendant, with leave to the plaintiff to amend the complaint within twenty days after service of a copy of said order upon said plaintiff's attorney, was served upon the deponent, as attorney for said plaintiff, by said defendant's attorney ; that the written stipulation of 10th of September, 1866, was entered into between the attorneys for said parties respectively * * * * that " afterwards, and on the 8th day of October, 1866, to wit : before the thirty days granted by said stipulation had expired, this deponent requested said defendants' attorney to enter a judgment in said cause, then stating that his said clients intended to appeal therefrom ; that thereupon, on the 9th day of Oct., 1866, before the said stipulated thirty days had expired, defendants' attorney served a notice of taxation of costs in said cause, and on the 11th day of October, 1866, caused a judgment to be entered in said action against said plaintiffs, for the sum of $5.35, costs and disbursements, and in favor of said defendants." The affidavit of the defendants' attorney, used on the motion, states among other things, " that on or about the 9th day of October, 1866, said plaintiff's attorney, H. Officer, Esq., came to the deponent as attorney for defendants, and stated that said plaintiff did not wish to amend his complaint herein, and then and there, and once or twice before, expressly requested said defendants' attorney, this deponent, to tax the costs, and enter and perfect the judgment in this cause ; and at such express request of said plaintiff's attorney, said defendants' attorney did cause such costs to be taxed, and such judgment to be entered," &c. The first point raised by the appellant is that the judgment was irregularly and improperly entered.

The position of the appellant is that an order cannot be regarded as made, until it is filed ; that the order in this case not having been filed till October 14th, could not be served until that time ; that no valid judgment could be entered, under the terms of this order, until the expiration of twenty days after service of the order, and that this judgment, having been entered on the same day the order was filed, is void. It is provided by *Sec.* 226, *Ch.* 66, *Gen. Stat.*, *p* 482. * * * " When any matter is heard by the court, the decision may be made out of term ; and such decision may be an order or a direction that an order or judgment be ·entered ; and upon filing in the office of clerk of the county where the action or proceeding is pending, the decision in writing signed by the Judge, an order or judgment as the case may require, if any, shall be entered by such clerk in conformity with such decision." There is a wide distinction between an order, and a direction for an order. A decision under this section may consist, either of an order or a direction for an order, or judgment. If an order, the clerk, upon its being filed, must immediately pursue its terms ; if a direction for an order, the order directed must be entered by the clerk, and its terms then be followed. Whether, since the General Statutes went into operation, a party in whose favor an order is made, can take any adverse proceeding based upon it, until the order is filed, is not a question presented in this case, and need not be considered here ; the existence of an order, in the nature of a decision, made in writing, out of term, although not filed, is clearly recognized in the statute, and it would seem to be the right of a party against whom a decision of this kind was made, at his election, to recognise its existence, and compel its filing. If this be so, the service of a copy of the order before filing, would at most be irregular, and if only irregular, the defect can certainly be waived

or cured; and that we think has been done in this instance.

The language of the admission of service of the order is as strong as it could well be made. It admits not only the mode of service, that is by copy, but service of the order, and that such service, and the manner of it were *due*, that is legal and proper; if the order itself was not valid and effectual for service, the service could not be legal and proper; the plaintiff is therefore estopped by this admission from denying the validity of the service. *Talman vs. Barnes*, 12 *Wend.*, 227–8; 9 *Abbott*, 23. Under the facts in this case, there is no reason for supposing that this admission was not made with a full knowledge that the order was not filed at the time of such admission.

The admission is endorsed by the plaintiff on the original order. It did not purport at that time to be filed; it is not pretended that any representation was made that it had been filed, and if it had been filed, a certified transcript from the clerk would have been used, and not the original order signed by the Judge. But the notice for judgment and taxation of costs, was served before the expiration of the thirty days granted by the stipulation to the plaintiff to amend his complaint; it appears, however, from the plaintiff's affidavit, that the notice was served after the request of the plaintiff's attorney to the attorney for defendant, that he would enter judgment, stating that his clients intended to appeal, and, according to defendant's affidavit, also stating that the plaintiff did not wish to amend his complaint. This request and statement, we think, was a waiver of the right to answer, under the stipulation, and the notice was properly served; it comes within the distinction between an agreement and a waiver, stated in *ex parte Crosby*, 8 *Cow.*, 119. But there is still a further ground upon which the service was good. The admission of service endorsed upon the notice is in the fol-

lowing words : "Due service by copy of the within notice is hereby admitted this October 9th, 1866."

VAN ETTEN & OFFICER,

By HARVEY OFFICER, Plff's Atty's.

By this admission, under the principle already determined, the plaintiff is estopped from denying a valid service of the notice. 12 *Wend.*, 227–8 ; 9 *Abb.*, 23, *cited ante*. The notice was, therefore, sufficient, and the judgment not having been entered until after the expiration of the time for amending the complaint, and the filing of the order on demurrer, the authority to enter the judgment was complete, and so far as these objections are concerned, the judgment was regular.

The third objection is, that the judgment is void upon its face, because it is merely a judgment for costs, and not a judgment in favor of the defendants against the plaintiff, on the subject matter of the action. A judgment is the final determination of the rights of the parties in an action. It is the sentence of the law pronounced by the court upon the matter contained in the record. *Hawke vs. Deuel*, 2 *Minn.*, 58. The judgment in this case, therefore, is not entirely correct in form, but the objection was not raised in the court below ; the record shows that the defendant was entitled to a judgment in his favor, on the merits ; the omission to enter it in proper form would not injure the plaintiff, unless it would prevent a review of the merits of the decision of the demurrer, on an appeal by the plaintiff ; this we think it would not do. And by *Sec.* 107, *Ch.* 66, *Gen. Stat.*, it is enacted that, "the court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment can be reversed or affected by reason of such error or defect." The omission to insert in the judgment, that the defendant go without day, or words to that effect, does not affect the sub-

stantial rights of the plaintiff, and must therefore be disregarded. The judgment, we think, is a substantial compliance with the law, and an appeal therefrom would authorize the appellate court to review and adjudicate the merits of the case, as fully as if a formal judgment had been entered in the action.

Order of the court below affirmed.