## Richmond.

TUCKER AND ALS V. SANDRIDGE, CURATOR.

### NOVEMBER 11th, 1886.

APPELLATE COURT—*Appeal dismissed—Case at bar.*—In a proceeding at law to contest paper writing propounded by the executor, S., for probate, a jury was impaneled to ascertain whether the paper writing was the last will and testament of T. The verdict was that it was not. On motion of the propounder, the verdict was set aside and a new trial awarded. Contestants appealed.

HELD:

> The appeal was improvidently awarded, and must be dismissed, and the case remanded for trial and final order.

Argued at Staunton and decided at Richmond.

Appeal from order of circuit court of Amherst county, rendered 16th April, 1886, in a controversy concerning the probate of the alleged will of William Tucker, deceased, wherein John S. Sandridge, named therein as executor, was the propounder, and Callie Tucker, L. Miller and Emma his wife, Erastus Watts and Nannie his wife, and Charles, James, and Lucy Tucker were the contestants. The jury impaneled to try the issue of *devisavit vel non*, found a verdict that the paper writing propounded as the will of decedent was not his will. The court, on motion of propounder, set aside the verdict and awarded a new trial. From this order the contestants appealed. Opinion states the case.

*W. S. Loving, J. T. Brown*, and *J. D. Horsley*, for the appellants.

*Cogbill & Berry*, for the appellees.

LACY, J., delivered the opinion of the court.

An appeal was allowed by one of the judges of this court to "a decision of the circuit court of Amherst county, made at the April term, 1886 of said court, in a proceeding at law to contest the paper writing, which had been offered for probate by John S. Sandridge, as the last will of William Tucker, deceased." The alleged will was offered for probate in the county court of Amherst county, and its probate contested by parties in interest. Whereupon the will was admitted to probate by the said county court, and an appeal taken to the circuit court of said county, where, in accordance with the 32d section of chapter 118 of the Code of 1873, a jury was impaneled, and the evidence being heard, the jury found against the will; whereupon the judge of the said court set the verdict of the jury aside and awarded a new trial in the case. From this order setting aside the verdict of the jury and awarding a new trial, the contestants obtained this appeal.

This appeal was improvidently awarded, and will have to be dismissed. The 32d section provides that "the court shall make a sentence, or final order, as to the probate." In this case there has been no final order, or sentence, and there is no order from which the appeal will lie; there is no judgment in the circuit court, where the case is still pending and undetermined.

It is true that section two of chapter 178 provides for an appeal by any person who thinks himself aggrieved *by an order* in a controversy concerning the probate of a will. But this provision must be considered along with the provision of the 32d section of chapter 118, *supra,* and the further provision in the said 2d section of chapter 178, "or to any civil case wherein there is a final judgment," &c. And when so considered, it is obvious that the intention of the law-maker is to provide for

an appeal from the final order, or sentence, by which any person may feel himself aggrieved, and not from every order, whether final or not. Appeals lie from the judgment of the court below, which is the conclusion of law upon facts found in the course of the suit, the decision or sentence of the law by the court as the result of proceedings instituted therein for the redress of an injury. 3 Bla. Com. 395; 12 Minn. 437. It is said to be the end of the law. Bouv. Dict.; 51 Penn. 373.

In the case of *Jeter* v. *Board*, 27 Gratt. 920, the court was of opinion that there might be an appeal of right from an interlocutory order of a county court in a controversy concerning a roadway. But in that case the court held that the order appealed from was held to be in fact final, and not interlocutory; so the question cannot be said to have been decided in that case; while in the case of *Trevillian* v. *Louisa R. R. Co.*, 3 Gratt. 326, it was held that the circuit court had no jurisdiction to revise the order of the county court, the same *not being final, but interlocutory.* And in the case of *Hancock* v. *Richmond & Petersburg R. R. Co.*, 3 Gratt. 328, it was held that when the order of the county court is not final, but interlocutory only, it cannot be revised by the circuit court *in any proceeding.*

The two last named cases are referred to in the case of *Jeter* v. *Board, supra,* and held not to apply to that case.

This case is appealed under the language of the first and second sections of chapter 178. The language of those sections we have seen. The case is a contest at law under the 32d section of chapter 118 of the Code of 1873, and that section requires that " the court shall make a sentence, or final order, as to the probate." It would seem until that was done the proceedings in the circuit court were *in fieri,* still pending, and nothing had been done by the court of a conclusive character which could be reviewed. Mr. Minor says: "It will be easily conceived that it is not every order of a court in a cause,

however incidental such order may be, that will in good sense and wise policy, warrant an appellate proceeding, in order to correct an apprehended error therein, and that such proceeding must probably be confined to those orders which have about them a certain character of finality and conclusiveness, either in respect to the general merits of the cause, or in respect to some branch thereof, or of some matter collateral thereto, and yet of great interest to the parties, or to one of them." Minor's Inst. IV., p. 859, and on p. 229, *Id.*, "that there must be a certain degree of finality about every judgment which is taken up to be reversed in appellate courts."

Here we have no conclusive, no final sentence, no end of the law in the court below, where the case is still pending and undetermined. And this appeal having been improvidently awarded, the same must be dismissed, and the case remanded for trial and final judgment in the said circuit court of Amherst.

APPEAL DISMISSED.