Seass v. Manion.

---

## S. L. Seass v. Edward Manion.

1. FINAL JUDGMENTS—*In Interpleader—Appeals.*—Where a demurrer is sustained to an interpleader in attachment proceedings and judgment is rendered against the party interpleading for costs incident to the filing of the interpleader, such judgment is final, and from it an appeal will lie.

2. SALES—*Purchasers of Property in the Custody of the Law.*—A purchaser of property in possession of a sheriff by virtue of irregular attachment proceedings, is bound to know that amendments may be made by which the proceedings may be sustained.

Attachment and Interpleader.—Appeal from the County Court of Moultrie County; the Hon. J. D. PURVIS, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

HARBAUGH & WHITAKER, attorneys for appellant.

R. M. PEADRO and W. K. WHITFIELD, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee sued out an attachment writ against J. S. Merchant, which was levied upon two horses on October 23, 1899, the sheriff taking the property into his possession. At the January term, 1900, of the County Court, amendments were made to the affidavit, writ, bond and declaration, making M. J. Sullivan co-defendant with Merchant. Appellant filed an interpleader, claiming the property by virtue of a purchase from Sullivan, to which the court sustained a demurrer and rendered judgments against appellant for the costs incident to the filing of the interpleader. From that judgment this appeal is prosecuted.

Appellee contends that because no final judgment has been rendered upon the attachment proceedings against Merchant and Sullivan, the appeal should not be entertained. We do not concur in that view. So far as appellant is concerned, the judgment is a final one.

The amended plea of appellant, which was held bad, and upon which judgment for costs was rendered against him, alleges that at the time the writ of attachment was issued the property levied upon was the property of M. J. Sullivan; that subsequently, and prior to Sullivan's being made a party to the suit, appellant purchased the same from Sullivan, and was at the time of filing of the plea, its owner.

Applying the familiar rule that a pleading will be taken the strongest against the pleader, the alleged purchase was not made until after the sheriff had levied upon the horses and taken them into his possession. Appellant could succeed only on the theory that he was an innocent purchaser. We can not look upon him in that light. When he purchased the property it was not in the possession of his vendor, but was in the possession of the sheriff, by virtue of a proceeding *in rem* against it. It was in the custody of the law. He did not and could not obtain possession of it by virtue

of his purchase, and his right to it was subject to such claim as might legally be made against it. He is presumed to know the law, and, knowing it, must be held to know that amendments of the attachment proceedings might be made and new parties added, by which the suit against the property could be rightfully maintained. The court properly held the plea bad, and the judgment will be affirmed.