STATE, EX REL. SHENK, *v.* LUNG ET AL.

168    553
171    156

[No. 21,000.   Filed March 13, 1907.   Rehearing denied June 4, 1907.]

1. JUDGMENT.—*Final.—What Is.*—A judgment disposing of the whole controversy as to all of the parties, is final, regardless of the particular form of words used.   p. 555.

2. SAME.—*Final.—Sustaining Demurrer.—Refusal to Plead.*—A judgment showing merely that the court sustained a demurrer to the complaint and that plaintiff refused to plead further, does not show a final judgment.   p. 555.

3. SAME.—*Final.—Refusal to Plead.—Costs.*—A judgment showing that the demurrer to plaintiff's complaint was sustained and that plaintiff refused to plead further, and concluding: "It is therefore considered and adjudged by the court that the defendants do have and recover of and from the plaintiff the costs of this action herein made, taxed at —— dollars," is final.   p. 555.

4. SAME.—*Final.—Defects.—Curing of.—Statutes.*—The failure to insert in a judgment, evidently intended to end the case, that plaintiff take nothing by reason of the complaint, or that de-

fendants go hence without day, is cured by §670 Burns 1901, §658 R. S. 1881, providing that defects, variances and imperfections which might be amended in the trial court, shall be so considered. p. 556.

5. APPEAL.—*Several Demurrer.—Exceptions.—Assignment that Court Erred in Sustaining Demurrer.*—Where three defendants joined in a several demurrer to the amended complaint, which demurrer was sustained and the record showed that "the demurrer of each defendant heretofore filed to the amended complaint herein is now by the court sustained as to each defendant separately and severally, to which ruling of the court the plaintiff excepts," and the plaintiff assigned as error that the "court erred in sustaining the demurrer to the appellant's amended complaint," no question is presented. p. 557.

From Dekalb Circuit Court; *Emmet A. Bratton,* Judge.

Action by the State of Indiana, on the relation of Rebecca Shenk, against Noah A. Lung and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1337j Burns 1901, subd. 2, Acts 1901, p. 565, §10. *Motion to dismiss overruled, and judgment affirmed.*

*P. V. Hoffman,* for appellant.

*John W. Baxter* and *J. E. & J. H. Rose,* for appellees.

MONTGOMERY, C. J.—The relatrix brought this action against appellee Noah A. Lung and his sureties upon a guardian's bond. Appellees demurred severally to the amended complaint on the ground that the facts stated therein were not sufficient to constitute a cause of action. The demurrer of each of the appellees was sustained, to which the relatrix excepted, and, failing to plead further, the court rendered judgment against her for costs.

A term-time appeal was taken and perfected, and the assignment of errors is "that the Dekalb Circuit Court erred in sustaining the demurrer to the appellant's amended complaint."

Appellees have filed a motion to dismiss the appeal for the reason that the record does not show the rendition of a final judgment. This motion challenges our jurisdiction

and demands primary consideration. The entry appearing in the record, from which the appeal was prosecuted, reads as follows: "Come the parties by counsel. The demurrer of each defendant heretofore filed to the amended complaint herein is now by the court sustained as to each defendant, separately and severally, to which ruling of the court the plaintiff excepts, and the plaintiff failing to plead further herein, it is therefore considered and adjudged by the court that the defendants do have and recover of and from the plaintiff the costs of this action herein made, taxed at $—."

No particular form of words is usually considered necessary to show the rendition of a judgment; and a judgment is final if it at once disposes of the entire controversy, settling the rights of the parties, and leaving nothing for further consideration. Elliott, App. Proc., §90; *Starkey* v. *Starkey* (1906), 166 Ind. 140; *Keller* v. *Jordan* (1897), 147 Ind. 113, 115; *Champ* v. *Kendrick* (1892), 130 Ind. 545, 546.

Appellees' counsel have cited a number of cases to the effect that an entry showing merely that the court sustained a demurrer to the complaint, and the plaintiff refused to plead further, fails to show a final judgment. This is the law beyond controversy, but the record before us goes further. A decision sustaining a general demurrer to a complaint, holding the facts pleaded insufficient to constitute a cause of action and that, conceding their truth, the plaintiff cannot recover, may be likened to a general finding, or the statement of conclusions of law in favor of a defendant, from which no appeal can be taken. Such findings and conclusions of law must be followed by a judgment before an appeal is allowed. If in this case the entry had closed with the ruling upon demurrer, the authorities are numerous and uniform, holding that an attempted appeal would have been premature. The court had no power, upon sustaining

appellees' demurrers, to require plaintiff to amend her complaint; but, if asked, leave to amend would doubtless have been granted. Amendment was optional with plaintiff, subject to the consent of the court. The record indicates an election by plaintiff to stand upon the sufficiency of the complaint by her exception to the ruling upon demurrer and failure to plead further. The only action left to the court in the exercise of its jurisdiction over the cause was to render judgment in favor of the defendants. This judgment was accordingly pronounced and entered—not merely that defendants recover the costs occasioned by the demurrer, but that they recover all costs made in the action. This completely disposed of the cause as to all the parties and all the issues, and the action was no longer pending in court for any purpose. It is provided by statute that "in all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law." §599 Burns 1901, §590 R. S. 1881.

The judgment shown by this record was manifestly erroneous, if rendered upon any other assumption than that of a final disposition of the cause. A statement 4. in the entry to the effect that plaintiff take nothing by reason of her complaint, or that defendants go without day, would have been better in form, but could not have disposed of the cause more effectually, than did the judgment for all the costs, rendered in pursuance of the holding that the complaint was insufficient and plaintiff's election to contest that decision.

It is provided by §670 Burns 1901, §658 R. S. 1881, that upon appeals the court shall disregard "any defect in form, variance, or imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court."

The supreme court of Minnesota, applying a statute similar in substance to the proposition under consideration, said: "The omission to insert in the judgment, that the defendant go without day, or words to that effect, does not affect the substantial rights of the plaintiff, and must therefore be disregarded. The judgment, we think, is a substantial compliance with the law, and an appeal therefrom would authorize the appellate court to review and adjudicate the merits of the case, as fully as if a formal judgment had been entered in the action." *Aetna Ins. Co.* v. *Swift* (1867), 12 Minn. 437, 444. It is our conclusion that the judgment shown by the record in this case is final. *Matter* v. *Campbell* (1880), 71 Ind. 512; *Aetna Ins. Co.* v. *Swift, supra; Peters* v. *Lewis* (1902), 28 Wash. 366, 368, 68 Pac. 869; *Lough* v. *John Davis & Co.* (1902), 30 Wash. 204, 70 Pac. 491, 59 L. R. A. 802, 94 Am. St. 848; *Van Horne* v. *Watrous* (1895), 10 Wash. 525, 39 Pac. 136; *Seass* v. *Manion* (1900), 92 Ill. App. 471; *James* v. *Mosely* (1872), 47 Ala. 299; *Richards* v. *Brice* (1888), 13 N. Y. St. Reptr. 728; *Farris* v. *Henderson* (1893), 1 Okl. 384, 33 Pac. 380; Elliott, App. Proc., §94; 2 Ency. Pl. and Pr., 114-116; 2 Cyc. Law and Proc., 605, 606.

The courts of Texas, Missouri and Illinois have declared a contrary doctrine, but upon principle and authority we believe the better rule to be in accord with our holding, and especially so in view of the liberal rules of practice which the statute quoted seeks to establish. The motion to dismiss the appeal is overruled.

It is shown by the record that the defendants, three in number, severally demurred to the amended complaint, and it further appears, from the final entry heretofore set out, that the demurrer of each defendant to the amended complaint was by the court sustained as to each defendant separately and severally.

The assignment of errors charges that the court erred in sustaining the "demurrer to appellant's amended complaint." Appellees' counsel insist that this assignment is too indefinite to present any question. The objection may be classed as technical, but it is not without substantial merit. The rules of practice available in trial courts to make pleadings more definite and certain do not obtain in appellate tribunals. The assignment of errors upon appeal stands as appellants' complaint, and to be sufficient must be specific and certain in pointing out the alleged erroneous rulings, and be sustained by the record. Appellee Lung was principal and his coäppellees were sureties upon the guardianship bond in suit. Appellees severed in their attack upon the amended complaint. It is manifest that three separate propositions were presented to the court and decided below, to wit, the sufficiency of the amended complaint as to each of the appellees. The assignment of errors questions but one of these rulings, but fails to specify which of the three is so challenged. The decisions of this court sustain the objection raised by appellees' counsel, and under the authorities cited we are constrained to hold that, when tested by the record, appellant's assignment of errors presents no question for decision. *Singer* v. *Tormoehlen* (1898), 150 Ind. 287; *May* v. *State* (1894), 140 Ind. 88; *Baldwin* v. *Sutton* (1897), 148 Ind. 591; *Robbins* v. *Masteller* (1897), 147 Ind. 122; *Popijoy* v. *Miller* (1892), 133 Ind. 19; *Bolin* v. *Simmons* (1881), 81 Ind. 92; *Fifth Ave. Sav. Bank* v. *Cooper* (1898), 19 Ind. App. 13.

The judgment is affirmed.