## DODGE, EXECUTRIX, v. LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

### [No. 6,666. Filed February 3, 1910.]

1. JUDGMENT.—*Costs.*—*Finality.*—A judgment ordering that "all costs after November 7, 1893, be and the same are hereby taxed to" plaintiff's decedent, is complete and final. p. 283.

2. COSTS.—*Infants.*—*Next Friends.*—Next friends are liable for the costs of actions unsuccessfully prosecuted in their names on behalf of minors. p. 283.

3. COSTS.—*Appeal.*—*Judgment.*—A judgment of the trial court that decedent be taxed with all costs accruing after a named date includes the cost of a reversal in the Supreme Court after such date. p. 283.

4. DECEDENTS' ESTATES.—*Claims.*—"*Theory of the Case.*"—The "theory of the case" doctrine does not apply to claims against decedents' estates. p. 283.

5. COSTS.—*Payment.*—*Defense of.*—*Appeal.*—*Reversal.*—The payment of a judgment for costs bars another action therefor, and judgment can be reversed lawfully. on appeal, only for substantial errors. p. 283.

6. INTEREST.—*Judgment.*—*Remittitur.*—Where a party relies upon a judgment of a certain date as the foundation of its claim, it should be allowed interest only from such date; and an excessive allowance may be ordered remitted on appeal, or a new trial may be granted. p. 283.

From Elkhart Circuit Court; *Anthony Deahl,* Special Judge.

Action by Lake Shore and Michigan Southern Railway Company against Nancy E. Dodge, as executrix of the will of Henry C. Dodge, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed conditionally.*

*John M. Van Fleet,* for appellant.

*Charles W. Miller, James S. Drake* and *Schuyler C. Hubbell,* for appellee.

ROBY, J.—Appellant's decedent filed his written consent to act as and become the next friend of a minor plaintiff in an action against the appellee. Such proceedings were had therein as resulted in a judgment against appellee in the trial court, which was reversed by the Supreme Court, and judgment ordered for appellee on the answers to interrogatories. *Lake Shore, etc., R. Co.* v. *Peterson* (1896) 144 Ind. 214.

The judgment of the Supreme Court provided that appellee recover its costs, taxed at $260, of which sum $43.25 was paid by decedent. After said cause was remanded, the trial court, in accordance with the mandate of the Supreme Court, rendered judgment that the plaintiff take nothing from the defendant, and by agreement a motion to tax costs was continued. Subsequently the parties appeared, and the court made an entry as follows: "It is thereupon ordered by the court that all costs in this behalf accruing prior to November 7, 1893, be and the same are hereby taxed to Peter Johnson, who was the next friend to the plaintiff, to that date, and that all costs after November 7, 1893, be and the same are hereby taxed to Henry C. Dodge, next friend to the plaintiff after said date." The costs taxed in favor of the claimant herein which accrued in said cause after November 7, 1893, were taxed at $461.85, which said costs consisted of the costs of the Supreme Court hereinbefore mentioned, including the $260 mentioned in the judgment of reversal by the Supreme Court, less $43.25 paid by decedent in his lifetime.

The appellant contends that the record does not show a judgment against her decedent for costs. The language of the record in its entirety leaves nothing for further consideration, and must therefore be regarded as a final judgment. *State, ex rel.,* v. *Lung* (1907), 168 Ind. 553.

The appellant's objections are formal. By the express terms of the statute decedent was responsible for the costs of the action. §257 Burns 1908, §256 R. S. 1881. See *Whittem* v. *State* (1871), 36 Ind. 196.

The amount of the judgment for costs rendered by the Supreme Court was included in the judgment thus rendered by the circuit court. Such action could in nowise vacate or discharge the judgment of the Supreme Court, but inasmuch as the "theory of the case" doctrine does not apply to claims against decedents' estates (*Stanley's Estate* v. *Pence* [1903], 160 Ind. 636), and as the payment of this claim will be a complete bar to any future recovery, it is not apparent that appellant is in anywise harmed, and it is only for substantial error that judgments can lawfully be reversed. §§407, 700 Burns 1908, §§398, 658 R. S. 1881.

Appellee expresses a willingness to remit so much of its judgment as the court may find excessive. It relies upon a judgment rendered January 11, 1897, and cannot consequently claim interest from an earlier date. The judgment is therefore affirmed. if all interest except that accruing after January 11, 1897, is remitted, otherwise it is reversed and remanded for a new trial, and costs of this appeal are taxed to the appellee.