## STATE OF INDIANA v. HAZELWOOD ET AL.

[No. 23,949. Filed June 20, 1922.]

1. CRIMINAL LAW.—*Appeals.*—*Appellee's Failure to File Briefs.*—*Dismissal.*—Where attorneys for defendants, whose motion to quash the affidavit under which they were being prosecuted was sustained, were appointed by the court and accepted fees allowed by it from the public treasury, it was their duty to appear in the Supreme Court in opposition to the state's appeal and file briefs in defense of the judgment of the trial court, and upon their failure to do so the Supreme Court would be justified in reversing the judgment. p. 263.

2. CRIMINAL LAW.—*Judgments Appealable.*—*Order Sustaining Motion to Quash.*—A record entry that the court sustained

defendant's motion to quash the affidavit, to which ruling the prosecuting attorney reserved an exception and prayed an appeal, was not a declaration, ruling or judgment that the affidavit be quashed, so that it was not a final judgment from which an appeal would lie.  p. 263.

From Vigo Circuit Court; *John P. Jeffries,* Judge.

Prosecution by the State of Indiana against James Hazelwood and another.  From a ruling sustaining a motion to quash the affidavit, the state appeals.  *Appeal dismissed.*

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

PER CURIAM.—This was a prosecution by affidavit filed in the Parke Circuit Court whereby appellees were sought to be charged with the offense of involuntary manslaughter.

The venue of this cause was transferred to the Vigo Circuit Court where a motion to quash the affidavit was interposed, and by the court sustained over the objection and exception of the state.  No other motion, answer, or plea to the charge so presented was entered by appellees, either jointly or separately.  The state, on appeal to this court, has assigned as error the action of the court in sustaining appellees' motion to quash.

On June 23, 1921, the attorney-general filed briefs on behalf of the state, but no briefs have been filed on the part of appellees, nor do we have any explanation of such failure, although it appears from the record that while this cause was pending in the Parke Circuit Court, that court, on motion of the prosecuting attorney, made a temporary allowance of $500 to each of two attorneys and $500 to another attorney as fees for defending appellees.

The record shows that each of the attorneys to whom the aforesaid allowance was made appeared for appel-

lees in the trial court, filed the motion to quash,

**1.** and obtained a favorable ruling thereon. In the absence of any showing to the contrary, we must assume that these attorneys accepted the appointment and employment so made by the Parke Circuit Court, and were paid the fees thus allowed out of the public treasury. For aught appearing, when these attorneys accepted the employment as here shown, and the case was appealed to this court, it was their duty to appear in this court and file briefs in defense of the judgment of the trial court, or in due season furnish an excuse for not doing so. Hence, for the neglect of appellees to file briefs, we would be justified in reversing the judgment of the court below.

However, it appears that no final judgment was rendered. The wording of the record, in so far as it is material, is "the court having considered the same

**2.** and being sufficiently advised in the premises now sustains defendants' motion to quash heretofore filed in this cause." To this ruling the prosecution attorney reserved an exception, prayed an appeal to the Supreme Court, appeal granted and sixty days time given to perfect the same. The ruling thus made on the motion to quash cannot be regarded as a final judgment from which an appeal will lie to this court. *State* v. *Uptgraft* (1899), 153 Ind. 232, 53 N. E. 285; 12 Cyc p. 800. The mere sustaining of the motion cannot be treated as a declaration, judgment or ruling of the court that the affidavit be quashed, as was the case in *State* v. *Swope* (1863), 20 Ind. 106, and *State* v. *Allen* (1884), 94 Ind. 441.

Appeal dismissed.