## STATE OF INDIANA *v.* LANPHAR.

[No. 24,514.   Filed April 21, 1925.]

1.  CONTEMPT.—*Entry showing discharge of rule to show cause is not a final judgment.*—Appellant was cited for contempt in the mayor's court and answered thereto moving to discharge the rule to show cause why he should not be punished for contempt; the court held the answer insufficient and ordered appellant punished, whereupon he appealed to the circuit court, in which he refiled his answer and motion; the circuit court sustained the motion and discharged the rule, but no judgment was entered acquitting and discharging him;

*held,* the entry showing the discharge of the rule is not a final judgment from which an appeal may be taken.   p. 112.

2.   CONTEMPT.—*Motion to discharge rule questions sufficiency of affidavit.*—In contempt proceedings a motion to discharge a rule to show cause why defendant should not be punished for contempt calls in question the sufficiency of the affidavit to charge contempt.   p. 112.

3.   APPEAL.—*Ruling on a demurrer is not a final judgment.*— A ruling on a demurrer to a proceeding, whether the ruling is for or against the party defendant, is not a final judgment. p. 112.

4.   APPEAL.—*Appeal taken before final judgment will be dismissed.*—An appeal taken before a final disposition of the cause as to all the parties will be dismissed.   p. 113.

From Gibson Circuit Court; *Robert Baltzell,* Judge.

Oscar Lanphar was convicted of contempt in the city court and on appeal to the circuit court his motion to discharge the rule to show cause was sustained, from which the state appeals.   *Dismissed.*

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *O. S. Boling,* for the State.

*McGary & Kay, Simon L. Vandeveer* and *John Q. A. Goodman,* for appellee.

WILLOUGHBY, J.—It appears from the record in this cause that on August 14, 1923, one Samuel H. Fettinger, filed an affidavit in the city court of Princeton, before Charles A. Niemeier, mayor of the city of Princeton, and as such mayor being the judge of the city court of the city of Princeton.

In the affidavit the affiant, Fettinger, describes himself as city marshal of the city of Princeton, county of Gibson, State of Indiana, and states that the appellee, Oscar Lanphar, is now and has been for years past, an attorney at law practicing before the courts of said county of Gibson, and that on August 11, 1923, he was such attorney and as such attorney he filed in the office

of the clerk of the Gibson Circuit Court a complaint in the cause of William Christian v. Charles Niemeier, and that in such complaint certain statements were made which disparaged said judge of the city court, said statements being set out in full in such affidavit; that on the filing of such affidavit the said Niemeier as judge of the city court of the city of Princeton issued a rule against the defendant, Oscar Lanphar, requiring him to appear before the city court of the city of Princeton, Gibson county, Indiana, and in the city building of Princeton, Gibson county, Indiana, and on August 20, 1923, at 9 o'clock a. m., then and there to show cause why he should not be punished for contempt of court, and ordered a citation to be served on the said Oscar Lanphar to appear at said date. The citation was served as ordered. The defendant, Oscar Lanphar, appeared at said time and filed an answer and moved the court to discharge the rule heretofore made against him to show cause why he should not be punished for indirect contempt of said court, for the reason that the information does not state facts sufficient to constitute a contempt of court.

In said answer the reasons were set out in full and said city court held that the answer was insufficient and ordered defendant to be punished for contempt. The appellee appealed to the circuit court of Gibson county, Indiana, in which he refiled his answer and motion to discharge the rule to show cause, and the Gibson Circuit Court sustained the motion of defendant to discharge the rule. No judgment was entered in the Gibson Circuit Court and no entry was made in the Gibson Circuit Court acquitting and discharging the defendant.

In appellant's brief purporting to set out the judgment in the case it states, "And now the court sustains the motion of the defendant to discharge the rule to

show cause why he should not be punished for indirect contempt." The record then proceeds as follows: "And afterwards, to wit, on the 8th day of October, 1923, the same being the 25th judicial day of the September term 1923, of the Gibson Circuit Court, the following proceedings were had, by said court in said cause, to wit: And now the state asks and is granted sixty days in which to prepare and file its bill of exceptions herein. And the state prays an appeal to the Supreme Court of the State of Indiana and presents to the court the notice to the defendant and his attorneys herein of such appeal with the acknowledgement of said defendant and his attorneys of service of said notice, which notice is ordered by the court to be filed herewith and the said appeal is by the court allowed.".

Appellee in his brief says no judgment was rendered in said cause in the Gibson Circuit Court, unless the sustaining of appellee's motion to discharge the rule be construed to be a judgment. We have heretofore set out the record entry sustaining appellee's motion and which is called in appellant's brief the judgment. If any final judgment was entered in the cause it does not appear in the transcript.

It has been held that in proceedings of this kind a motion to discharge the rule calls in question the sufficiency of the information to charge contempt. *Cheadle* v. *State* (1887), 110 Ind. 301, 59 Am. Rep. 199. The entry upon the record shows a ruling by the court to the effect that the information was insufficient. It has been held that a ruling upon a demurrer to a proceeding, whether the ruling is for or against the party defendant is not a final judgment. *Slagle* v. *Bodmer* (1877), 58 Ind. 465. And that an appeal will not lie. *Woolley* v. *State* (1856), 8 Ind. 377.

In Elliott, Appellate Procedure §83, it is said no order is final authorizing an appeal unless it disposes of the

State *v.* Lanphar—196 Ind. 109.

main cause so far as there is power in the trial court to decide upon the question presented by the issues, no matter how clearly and decisively the order may indicate what the ultimate judgment will be. See, also, Ewbank, Man. of Practice (2d ed.) §82.

In *State, ex rel.,* v. *Lung* (1907), 168 Ind. 553, it is held that a judgment showing merely that the court sustained a demurrer to the complaint and defendant refused to plead further, does not show a final judgment. Appeals will only lie from final judgments. *Barnes* v. *Wagener* (1907), 169 Ind. 511; *State, ex rel.,* v. *Lung, supra; Northcutt* v. *Buckles* (1878), 60 Ind. 577; *Hopp* v. *Luken* (1909), 44 Ind. App. 568; *State, ex rel.,* v. *Herod* (1898), 21 Ind. App. 177.

In 4 C. J. §1622, p. 45, it is stated: "The record must show the rendition and entry in the lower court of an appealable judgment, decree, or order, presenting a final adjudication against appellant or plaintiff in error, as to some right or rights claimed by him, or the appeal or writ of error will be dismissed by the appellate court for want of jurisdiction, and this is true, even though the objection is not raised until the rehearing of the cause. A mere ruling of the court is not a judgment. The record must show the entry of a judgment sustaining or overruling a demurrer; a mere showing in the record that the demurrer was sustained or overruled is insufficient."

It has been held in this state that an appeal taken before a final disposition of the cause as to all the parties will be dismissed. *Kellar* v. *Jordan* (1897),

4. 147 Ind. 113; *Barnes* v. *Wagener, supra; Hopp* v. *Luken, supra; State* v. *Hazelwood* (1922), 192 Ind. 261, 135 N. E. 797.

Appeal dismissed.