STATE OF INDIANA, EX REL. TOON v. THOMPSON ET AL.

[No. 25,342. Filed April 7, 1933.]

*Frank E. Gilkison,* for appellant.

*Carlos T. McCarty* and *Fabius Gwin,* for appellees.

FANSLER, J.—The relator brought this action against the defendants, alleging that they were members of election boards of various precincts, and the board of election commissioners of Martin County; that at the general election held on Tuesday, November 2, 1926, his

name appeared upon the official ballot as a candidate for county commissioner; that in each of said precincts a large number of voters cast their vote by absent voters' ballots; that the ballots were properly marked and in all things regular and according to law, and that they were properly delivered by the clerk; that the boards refused and failed to put said ballots in the proper ballot boxes, and to count said ballots for the candidates for whom they were voted; that some of said ballots were voted for the relator. He prayed that a mandate issue compelling the election boards in the precincts described to reassemble in the court room in the court house of Martin County and count the absent voters' ballots and correct the returns and file the corrected returns with the board of election commissioners, and that the board of election commissioners be mandated to receive the corrected returns and to revise and correct their records and make their return accordingly.

The complaint does not allege that the relator was elected to the office for which he was a candidate, nor that a correct count of the ballots would show that he is elected. He does not set out any injury that he has suffered or benefit that he would receive by reason of a judgment. Some of the defendants demurred to the complaint upon the ground, among others, that the complaint does not show that the relator would in any wise be benefited by the counting of the absent voters' ballots, and that if the counting of these ballots would result in the relator's election, or change the result of the election, there is an adequate remedy at law.

The demurrer was sustained. The relator refused to plead further. There was a judgment against him and in favor of the demurring defendants for costs.

The statute, §7597 Burns 1926 et seq., provides that

any elector who was entitled to vote at the election may contest the election of any candidate.

Section 7587 Burns 1926, provides that any candidate for office desiring to contest the election may have a recount of the ballots.

These legal remedies were ample to provide relief for any wrongs that the relator might have suffered. They were provided by the legislature for that purpose.

Where a statute provides a specific remedy, such remedy must be pursued and mandamus will not lie. *Louisville, etc., R. R. Co.* v. *State, ex rel. McCarty* (1865), 25 Ind. 177; *Excelsior Mutual Aid Assn.* v. *Riddle* (1883), 91 Ind. 84; *State, ex rel. Fry* v. *Board of Commissioners* (1890), 125 Ind. 247, 250, 25 N. E. 286.

The remaining defendants answered, admitting the facts alleged in the complaint and that they were ready and willing to do anything requested or required of them by the count or by the law. This answer was filed after the judgment in favor of the demurring defendants, and upon its filing the court noted the cause continued. There was no judgment as to the answering defendants.

The appellees have filed a motion to dismiss this appeal for the reason that the judgment in the lower court does not finally dispose of the case as to all of the parties, and that as to some of the defendants there is no final judgment. This motion is well taken. Before appealing the appellant should have procured a submission of the cause upon the answer and a judgment upon the issue presented by the complaint and answer. An appeal taken before the final disposition of a case as to all of the parties must be dismissed. *State* v. *Lanphar* (1925), 196 Ind. 109, 147 N. E. 328; *State* v. *Hazelwood* (1922), 192 Ind. 261, 135 N. E. 797.

The appeal is dismissed.