WILLIAMS *v.* MARION COUNTY BOARD OF FINANCE ET AL.

[No. 26,686. Filed July 3, 1936. Rehearing denied October 21, 1936.]

*Henry M. Dowling,* for appellant.

*Clarke & Clarke,* for appellees.

FANSLER, J.—Appellant, who was the president of the Farmers Trust Company, loaned to that company $25,000 in unregistered government bonds, which were transferable by delivery and payable to bearer, for the express purpose of permitting the trust company to deposit such bonds as security for the deposit of funds by the treasurer of Marion county. The treasurer of Marion county and the Marion county board of finance were not advised as to the ownership of the bonds. The

trust company then bid for $80,000 of deposits of the public funds of Marion county. The bonds referred to, together with an additional $15,000 of bonds, were deposited with the Indiana National Bank under a written stipulation by which that bank agreed to hold them for the benefit of the Marion county board of finance to insure the repayment on demand of such funds as might be deposited by the treasurer of Marion county with the Farmers Trust Company, and with the agreement that, in default of the repayment of such deposits, or any part thereof, the bonds would be delivered to the Marion county board of finance upon demand. The Farmers Trust Company agreed in writing to the above conditions. Thereafter the Farmers Trust Company became insolvent and was placed in the hands of a receiver.

The Marion county board of finance brought this action in replevin, alleging that it was entitled to possession of the bonds, and seeking a judgment against the Indiana National Bank for possession, and asking that its title to such bonds be quieted as against appellee Boyd M. Ralston, as receiver of the Farmers Trust Company, and appellant Williams. To this complaint, the Indiana National Bank filed an answer in general denial and an answer setting up the facts above detailed, and alleging that it had no interest in the bonds, and that it was ready to deliver them as the court might direct. The receiver also filed an answer, admitting the facts above detailed and disclaiming any interest in the bonds except to have them applied as a credit on the indebtedness of the Farmers Trust Company in favor of the treasurer of Marion county, to whom it was admitted that the Farmers Trust Company was indebted, on account of deposits of public funds, in a sum approximating $40,000. Appellant Williams answered

in general denial and by two affirmative paragraphs of answer, in the first of which he alleged the facts substantially as above detailed. The theory of this paragraph seems to be that the bonds were loaned for the purpose of being delivered to the board of finance as security, and that, since they were delivered to the Indiana National Bank, there was a breach of the agreement between himself and the trust company, and that therefore he was entitled to possession of the bonds. A demurrer to this paragraph of answer was sustained, to which appellant excepted. The third paragraph of answer alleged that $8,770.33 of the funds deposited by the treasurer with the Farmers Trust Company were funds belonging to the firemen's pension fund; that these were not public funds; that therefore their deposit was not secured by the bonds, and that he was entitled to the return of $8,770.33. A demurrer to this paragraph of answer was sustained, to which appellant excepted. He also filed a cross-complaint upon the same theories as the affirmative answers. A demurrer to the cross-complaint was sustained, to which he excepted, and did not plead over, but there was no judgment against him on the cross-complaint.

In this state of the issues, that is, upon the complaint in replevin and to quiet title to the bonds as against appellant and the receiver, the answers in general denial of all of the defendants, and the affirmative answers disclaiming interest by the bank and the receiver, the cause was submitted to the court for trial. After evidence was heard, the court made a finding in favor of the plaintiff that it was entitled to the possession of the property described, and entered judgment in favor of the plaintiff that it recover of the defendant, Indiana National Bank, the bonds described in the complaint; that their value was $43,371.51, and that the Indiana National Bank unlawfully detains said property from

the plaintiff; that, upon failure of the bank to deliver, the plaintiff shall recover of the bank the sum of $43,-371.51, and that plaintiff recover of the bank its costs. There was no judgment against appellant determining the question of ownership of the bonds. There was merely a judgment that the plaintiff was entitled to possession as against the Indiana National Bank. Appellant objected to the judgment and excepted thereto and filed a motion for a new trial. He also filed a motion to modify the judgment by excluding from its terms certain of the bonds, and to modify it so as to adjudge and quiet title in the defendant (appellant). But there was no issue under which judgment quieting title in appellant could be had, since a demurrer was sustained to his cross-complaint and it had gone out of the record, and there was no motion to modify so as to show a judgment against appellant. In this state of the record, appellant perfected his appeal.

We are confronted with a motion to dismiss the appeal upon the ground that no final judgment has been entered against the appellant. The only question adjudicated is that appellee Marion county board of finance is entitled to possession of the bonds. There was no adjudication quieting the title to the bonds as against appellant or anyone else. The only pleading which appellant had in the record at the time the case was tried was an answer in general denial. This denied the allegations of the complaint. The judgment decided only that the plaintiff was entitled to possession of the bonds as against the defendant, Indiana National Bank. There was not even a judgment for costs against appellant upon the issue formed by the complaint and his answer, or upon his refusal to plead further when demurrers were sustained to his affirmative answers and his cross-complaint.

Since appellant is not a party to the judgment, the

motion to dismiss is sustained. *State ex rel. Toon* v. *Thompson et al.* (1933), 204 Ind. 560, 185 N. E. 117.

Dismissed.