THE STATE *v.* SWOPE.

CRIMINAL LAW AND PRACTICE.—An information for carrying concealed weapons will be sufficient if it substantially follow the language of the statute on that subject, and it need not allege that the defendant unlawfully carried said weapon, or was in the habit of carrying the same, &c.

APPEAL from the *Grant* Common Pleas.

The State *v.* Swope.

HANNA, J.—Prosecution for carrying concealed weapons. The information charged that on, &c., at, &c., "one *William Swope,* he not then and there being a traveler, did then and there wear and carry concealed about his person, a dangerous and deadly weapon, to-wit: a fire arm called a revolver." Acts 1859, p. 129. On motion the information was quashed. The State appeals.

It is objected that the appeal is not properly here, because there is not in the record any formal judgment of acquittal or discharge of the defendant. That part of the record closes with the judgment or ruling of the Court, that the information be quashed. No further order relative to the defendant appears.

The case was at an end. Any order the Court might have made in regard to the retention of the defendant in custody, would have been based upon the general powers vested in the Court, to enable the proper officers to institute other proceedings.

It is next urged that the information was defective in not charging that the defendant unlawfully carried said weapon, or was in the habit of carrying, &c., or on, &c., and on divers other days and times, carried, &c.; or carried with intent, &c.

We do not think the objection was well taken. The information follows the language of the statute creating the offence, which appears to be sufficient in such a case. That part of the statute where the carrying is with the intent, or purpose of injury, &c., has reference to an open wearing of a weapon. So that there are two offences, one for carrying a concealed weapon, the other for carrying it openly with intent, &c. It is urged that, if a person should carry a pistol in his pocket without any evil intent, this view of the statute would render him liable. This could be avoided by car-

rying it openly without any bad purpose. But the propriety of the law is not a question for the Court.

*Oscar B. Hord*, Attorney General, and *N. W. Gordon*, for the State.

*H. D. Thompson*, for the appellee.