Filed April 4, 1884.

---

No. 11,267.

### THE STATE *v.* ALLEN.

CRIMINAL LAW.—*Appeal by State.—Supreme Court.—Quashing Information.— Judgment.*—An appeal may be taken to the Supreme Court by the State from a judgment quashing an information; and, as the defendant may be detained for further proceedings, such judgment is not defective merely because it contains no order for his discharge.

SAME.—*Selling Deadly Weapon to Minor.—Information.*—For information, held sufficient, for selling deadly weapon to a minor, see opinion.

From the Wells Circuit Court.

*F. T. Hord*, Attorney General, *J. T. France,* Prosecuting Attorney, and *J. G. French,* for the State.

*J. S. Dailey* and *L. Mock,* for appellee.

NIBLACK, J.—This was a prosecution, upon affidavit and information, against William R. Allen, under section 1986, R. S. 1881, for selling a deadly weapon to a minor.

Upon his appearance to the prosecution, the defendant moved to quash the information, and the proceedings upon that motion are recorded as follows: "And said motion be-

ing ready for hearing, it was submitted to court, who sustains said motion, and the said information is quashed, to which ruling the State excepts."

The State has appealed, and assigned error upon this judgment quashing the information.

The body of the affidavit was in the following words:

" Isaiah Barnes swears, that one William R. Allen, on or about the first day of December, in the year 1882, at and in the county of Wells, in the State of Indiana, did then and there unlawfully barter and trade to Wesley Powles, who was then and there a minor under the age of twenty-one years, a certain deadly and dangerous weapon, to wit: a pistol, commonly called a revolver, which could be worn or carried concealed about the person."

The charging part of the information repeated substantially the allegations of the affidavit.

The appellee has moved to dismiss the appeal, upon the alleged ground that the order quashing the information, set out as above, was not a final judgment, because it did not, also, order him to be discharged from arrest upon the information.

Section 1882 of the criminal code of 1881 provides that appeals may be taken to the Supreme Court by the State, in the following case, among others:

" Upon a judgment for the defendant, on quashing or setting aside an indictment on information."

The judgment appealed from in this case may not be strictly formal in all respects, but it was substantially sufficient to put an end to all further proceedings upon the information, and consequently was a judgment for the appellee, quashing the information, within the meaning of section 1882, above referred to. It does not necessarily follow that a defendant must be discharged to make a judgment quashing an indictment or information complete as a final judgment. After an indictment or information has been quashed, the defendant may nevertheless be detained for fur-

ther proceedings against him. R. S. 1881, section 1760. The motion to dismiss the appeal can not therefore be sustained.

No specific objection has been urged to the sufficiency of the information, and no objection in that respect has been otherwise made apparent.

We are, in consequence, justified in assuming that the motion to quash the information ought to have been overruled.

The judgment is reversed with costs, and the cause remanded for further proceedings.

