## GROENENDYK *v.* STATE OF INDIANA.

[No. 24,555.   Filed May 19, 1926.]

1. INDICTMENT.—*Motion to quash indictment need not be framed with any greater certainty than is necessary in stating offense in indictment.*—A motion to quash an indictment need not be framed with any greater certainty than is necessary in stating an offense in an indictment.   p. 698.

2. INDICTMENT.—*Motion to quash indictment for failing to support child of accused for the reason that it did not allege that child was living, in this state, held sufficient.*—A motion to quash an indictment for failing to support a child of accused in violation of Acts 1915 p. 654 (§2867 Burns 1926), for the reason that it did not allege that the child was "living in this state," was sufficient, as it presented the objection that the facts stated in the indictment did not constitute a public offense, one of the grounds for quashing an indictment (§2227 Burns 1926).   p. 698.

3. PARENT AND CHILD.—*Indictment for failure to support child which fails to state that child was living in this state is insufficient and subject to motion to quash.*—An indictment charging failure to support a child of accused in violation of Acts 1915 p. 654, §2867 Burns 1926, which fails to state that the child was living in this state at the time of the alleged offense, is insufficient, as that fact is a material element of the offense, and a motion to quash such indictment should be sustained.   p. 699.

From Starke Circuit Court; *William C. Pentecost,* Judge.

Sebastian J. Groenendyk was convicted of failing to provide support for his child, and he appeals. *Reversed.*

*Harry C. Miller,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

TRAVIS, J.—Appellant was found guilty by verdict, as charged by indictment, of having failed to provide his child, then under fourteen years of age, with necessary and proper home, care, food, and clothing, being able to provide such support.   Acts 1915, ch. 179, p. 654, §2867

Burns 1926. Judgment was pronounced upon the verdict of guilty, and appellant appeals, and assigns as erroneous the action of the trial court in overruling the motion to quash the indictment.

The indictment, omitting the caption, ending, and indorsements, is worded as follows: "On their oaths present that Sebastian J. Groenendyk, late of said county, on or about the 3d day of May, A. D. 1922, at said county and state aforesaid; being then and there the father and charged by law with the maintenance of Esther Groenendyk, a child under the age of fourteen years, and being able, by personal services, labor and earnings, to support said child, did then and there wilfully and unlawfully neglect and refuse to provide said child with necessary and proper home, care, food and clothing; contrary," etc.

The motion to quash the indictment was not worded in formal language, for which reason appellee makes the proposition that it fails to comply with the 1, 2. statute which provides for a motion to quash (§2227 Burns 1926). The motion to quash was, "for the reason that said indictment seeks to charge the commission of an offense in the language of the statute and omits therefrom the words—'living in this state, who'—"; and alleged further that there is no charge in the indictment that the child, Esther Groenendyk, was living in the State of Indiana at the time the indictment was returned, or at the time the offense charged in the indictment is alleged to have been committed. The motion to quash need not be framed with any greater degree of certainty than is necessary in stating an offense in an indictment. It is necessary only to plead the offense with a reasonable degree of certainty. Hedges v. State (1924), 194 Ind. 122, 142 N. E. 13, 15. The language used in the motion to present the defect in the indictment is not formal, but it

is sufficient to present "that the facts stated in the indictment  *  *  *  do not constitute a public offense." §194, ch. 169, Acts 1905 p. 584, §2227, cl. 2, Burns 1926.

If, by virtue of the statute, upon which the charge of the alleged offense is predicated, the state in which the child was living, at the time of the alleged commission of the offense was committed, is not material, in that such fact is not a material element of the offense, the indictment is free from the alleged defect, and the ruling of the court, overruling the motion to quash, was not error. Prior to the date of the taking effect of this statute, or similar acts theretofore, it was not a felony in this state to do all the acts of omission that are named in this statute. The general assembly had the power to cause the combinations of acts and omissions named in the statute to constitute a felonious crime, in so far as the case at bar is concerned, because no attack is made upon the validity of the statute.

By so defining this felony, the general assembly had the undoubted power to place such limitations upon the acts of omission which constitute the offense as 3. it believed best. It is plain that the words of the statute "living in this state" do not refer to the father of the child, but refer to the child. The fact that the child must live in this state becomes a material element of the offense. The offense is not well pleaded unless it is stated as a fact that the child is living in this state, from which it follows that the indictment is subject to the defect alleged in the motion to quash. The motion to quash the indictment ought to have been sustained, and the action of the court overruling it was error.

Cause remanded, and the trial court is ordered to sustain the motion to quash the indictment.

Judgment reversed.