## CRUMLEY *v.* STATE OF INDIANA.

[No. 26,127.   Filed February 20, 1933.]

A. T. *Livengood,* for appellant.

*James M. Ogden,* Attorney-General, and *James T. Dowling,* Deputy Attorney-General, for the State.

ROLL, J.—Appellant was charged by affidavit with the crime of child desertion under §2867 Burns Ann. St. 1926, tried before the court, convicted and sentenced to the Indiana Reformatory for not less than one year and not more than seven years, and that he pay the cost and charges taxed at $20.45.

Appellant filed his motion in arrest of judgment, motion to be discharged, and a motion for a new trial, each of which motions were overruled, and he appeals. The affidavit charges:

> "That Fred Crumley was then and there the father of Leona Crumley, age 4 years, Marvin, age 2 years, children under the age of 14 years, did then and there unlawfully desert the said Leona Crumley, and Marvin Crumley, at Fountain County, Indiana, that said Fred Crumley did then and there wilfully, unlawfully and feloniously neglect and refuse to provide his children with necessary and proper home, care, food and clothing, contrary to the form of the statutes, etc."

Appellant's second ground stated in his motion in arrest of judgment is, "that the facts stated in the said affidavit do not constitute a public offense under the laws of the State of Indiana."

Under this assignment of error, he makes the point, that in order to state a public offense under this section of the statute, it is necessary that the affidavit allege that the children, named therein, were living in the state of Indiana at the time of the desertion, and that the affidavit herein contained no such allegation.

Appellee contends that the words "at and in Fountain

County, Indiana," following the words "Marvin Crumley," in the body of the affidavit sufficiently alleges that said children were living "in this state." We think not. The words, "at and in Fountain County, Indiana," do not refer to the residence of the party, but to the place where the desertion took place. Appellant might have deserted his children in Fountain County, Indiana, while living in some other state. We think it clear that the affidavit herein is lacking in any such allegation.

This court, in the case of *Groenendyk* v. *State* (1926), 197 Ind. 697, 151 N. E. 730, 731, in discussing the necessity of such an allegation, said:

> "The fact that the child must live in this state becomes a material element of the offense. The offense is not well pleaded, unless it is stated as a fact that the child is living in this state, from which it follows that the indictment is subject to the defect alleged in the motion to quash."

It is true, while an indictment or affidavit is not subject to the same test by motion in arrest, as it is by motion to quash, yet by the terms of §2326 Burns Ann. St. 1926, it must, on motion in arrest, state facts sufficient to constitute a public offense. A material fact, constituting the offense, if stated in defective manner or form, may on motion to quash, render the indictment or information insufficient, while such defect on motion in arrest would be cured by verdict. *Woodworth* v. *State* (1896), 145 Ind. 276, 43 N. E. 933, and cases cited. Here there is no attempt by averment, directly or indirectly, defective, uncertain, or otherwise to charge, that the children were living in this state, and, consequently, we are dealing, not with a defective or uncertain averment that would be cured by verdict, but with the entire absence of an essential averment. For this reason the affidavit herein did not charge a public offense.

Section 2867 Burns Ann. St. 1926, Acts 1913, p. 956, ch. 358, §2, as amended Acts 1915, p. 654, ch. 179, defines the crime of child desertion thus: "The father, or, when charged by law with the maintenance thereof, the mother, of a child or children, under fourteen years of age, living in this state, who, being able, either by reason of having means or by personal services, labor or earnings, shall wilfully neglect or refuse to provide such child or children with necessary and proper home, care, food and clothing shall be deemed guilty of a felony, and, upon conviction, be punished by imprisonment in the state prison or reformatory for not more than seven years nor less than one year."

Section 2866 Burns 1926, Acts 1913, p. 956, ch. 358, §1, defines a distinct and separate crime, that of wife or child desertion. This section reads as follows:

"Whosoever deserts his wife, except for the cause of adultery or other vicious or immoral conduct, leaving her without reasonable means of support and continuing support, or whoever deserts his or her child or children and leaves them, or any of them, without reasonable means of support and continuing support, or a charge upon any county or township of this state, shall be deemed guilty of a felony, and, upon conviction thereof, shall be imprisoned in the state prison not less than one year nor more than three years, and be disfranchised and rendered incapable of holding any office of trust or profit for a period of three years."

The affidavit in this case reads as follows (omitting the caption and signature):

"Georgia Crumley being duly sworn upon her oath says: That at and in Fountain County, Indiana, on April 13th, 1931, one Fred Crumley who was then and there the lawful husband of Georgia Crumley did then and there unlawfully desert the said Georgia Crumley, his wife, leaving her without reasonable means of support and continuing

support. That Fred Crumley was then and there the father of Leona Crumley, age 4 years, Marvin, age 2 years, children under the age of 14 years, did then and there unlawfully desert the said Leona Crumley, and Marvin Crumley at and in Fountain County, Indiana, that said Fred Crumley did then and there wilfully, unlawfully and feloniously neglect and refuse to provide his children with necessary and proper home, care, food and clothing, contrary, etc."

In the first part of the affidavit he attempts to charge appellant with the crime of wife desertion under §2866, *supra*, but fails to allege that "the wife was not guilty of adultery or other vicious or immoral conduct" as required by said section. In the latter part of the affidavit he attempts to charge appellant with the crime of child desertion, under §2867, *supra*, but does not allege that said children were "living in this state," nor does he allege that appellant was "able, either by reason of having means, or by personal service, labor or earnings," to support said children.

It seems he made no attempt to follow the well known rule of criminal pleading, viz., in charging the crime; it is generally sufficient to charge it in the language of the statute. Neither does he seem to give any heed to the rule against duplicity.

It is evident that very little time or study was devoted to the preparation of this affidavit. The rules of pleading here involved are simple and fundamental in criminal practice. The statutes under which this prosecution was brought are not difficult to understand. Had the prosecuting attorney given a little more time and thought to the preparation of his pleading in the first instance, he would have saved himself personal embarrassment, and both the trial and appellate courts much time and labor. And not only that, but he would have prevented making it possible for a guilty person to escape just and merited punishment but would have

401

protected the courts, the lawyers and all those connected therewith from public criticism.

Judgment reversed.