STATE OF INDIANA *v.* HOFFMAN ET AL.

[No. 26,872. Filed December 21, 1937.]

*Claude V. Baker, Omer S. Jackson,* Attorney-General, and *Glen L. Steckley,* Deputy Attorney-General, for the State.

*Mountz & Mountz, Fred L. Bodenhofer, Clarence R. Finley* and *Irwin Hurwich,* for appellees.

FANSLER, J.—Appellees were indicted for failure to support their parent, under section 10-1410 Burns' Ann.

St. 1933, §2893 Baldwin's 1934.  Defendants moved to quash the indictment, the motions were sustained, and the defendants were discharged from custody.  There is a motion to dismiss upon the ground that there was no final judgment.

In *State* v. *Allen* (1884), 94 Ind. 441, 442, there was a judgment sustaining a motion to quash, from which there was an appeal by the state. Appellee moved to dismiss upon the ground that the order quashing the information was not a final judgment, "because it did not, also, order him to be discharged from arrest upon the information." It was held that the judgment was final, since it was substantially sufficient to put an end to all further proceedings, and, consequently, there was a judgment for appellee within the meaning of the statute.  But, in this case, the judgment of the court went further, and ordered the defendants discharged.  The judgment was sufficient to support the appeal.

The statute under which the indictment was drawn, in so far as it is pertinent, is as follows: "Hereafter, if any person being of full age and being financially able has neglected, or shall hereafter, without reasonable cause, neglect, to maintain and support his or her parent or parents, if such parent or parents be sick or not able to work and have not sufficient means or ability to maintain or support themselves, such person shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be fined in any sum not exceeding five hundred dollars ($500), to which may be added imprisonment in the county jail for a period not exceeding six (6) months.  In the event that there are two (2) or more children, each such child shall contribute to the support of such dependent parent or parents, in such proportion as the judge of the court, in his discretion, may determine and order, and for fail-

ure or refusal so to do, or for disobedience to the orders of the court, each such child shall be severally liable to the penalties prescribed by this act." The indictment followed the first sentence of the statute.

The motion to quash seems to have been sustained upon the theory that, where it appears that there are several children, the court must determine and order the proportion which each child shall contribute to the support of the parent, and that an indictment, to be good under the statute, must allege, and upon the trial the state must prove, that the defendant's proportionate liability has been determined and fixed, and that he has failed and refused to obey the order and to contribute the amount thus fixed by the court. We cannot concur in this view. Reasonably interpreted, the statute clearly contemplates that, when there has been a finding of guilty, and there are two or more children liable for the support of a parent, the court shall then determine the proportion each child is to pay, and make an order accordingly, and that, upon failure of the child to comply with such order, the penalty for the offense shall be inflicted, but that, upon a finding of guilty, the penalty shall not be inflicted until and unless the court shall fix the proportionate amount, and the defendant shall fail or refuse to pay the amount fixed.

Judgment reversed, with instructions to overrule the motions to quash, and for further proceedings.