NICHOLAS *v.* STATE OF INDIANA.

[No. 29,870. Filed March 16, 1960. Rehearing denied April 27, 1960.]

George T. *Popcheff,* and *Marvin A. Poore,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Richard M. Givan,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by indictment with the crime of murder in the first degree under Acts

1941, ch. 148, §1, p. 447, being §10-3401, Burns' 1956 Replacement, tried by jury, found guilty of voluntary manslaughter and sentenced accordingly.

The errors assigned are that the trial court erred in overruling appellant's motion to quash the indictment and in overruling her motion in arrest of judgment.

We are confronted at the outset with a motion by the State to dismiss because the assignment of errors and transcript of record herein were not filed within the time fixed by Rule 2-2 of this court.

This situation arises from the fact that on August 11, 1959, appellant was granted an extension of time to November 21, 1959, within which to file her assignment of errors and transcript of the record. The appeal was then given Cause No. 29834. The assignment of errors and transcript of the record filed on November 20, 1959, bears Cause No. 29870. Appellant asserts, and we think her assertion has some support in the record, that while there are two cause numbers pending in this court there is actually only one appeal entitled, "Minnie Belle Nicholas, alias Connie Nicholas, Appellant v. The State of Indiana, Appellee," filed and pending here, and, for the purposes of this appeal, we will consider the two numbered causes as one appeal, and decide the case on the merits of the questions presented by the assignment of error.

*First:* The indictment in pertinent part is as follows:

". . . did then and there unlawfully, feloniously, purposely and with premeditated malice, kill and murder FORREST TEEL, a human being, by then and there unlawfully, feloniously, purposely and with premeditated malice, shooting at and against the body of the said FORREST TEEL, with a revolver loaded with metal bullets, then and there held in the hand of the said MINNIE B. NICHOLAS alias CONNIE NICHOLAS, and did then and there and thereby inflict a mortal wound in and upon the

body of the said FORREST TEEL of which mortal wound the said FOREST [FORREST] TEEL then and thereby died."

Appellant urges only that the offense is not charged with sufficient certainty.

An indictment or affidavit is sufficient to withstand a motion to quash if it charges a public offense with reasonable certainty, so that the court, jury and the defendant are apprised of the particular charge on which the defendant is to be tried. *McCloskey* v. *State* (1944), 222 Ind. 514, 518, 53 N. E. 2d 1012; *Whitney* v. *State* (1934), 206 Ind. 562, 567, 188 N. E. 779; *Agar* v. *State* (1911), 176 Ind. 234, 244, 94 N. E. 819; *State* v. *Cameron* (1911), 176 Ind. 385, 388, 96 N. E. 150; *Musgrave* v. *State* (1892), 133 Ind. 297, 304, 32 N. E. 885.

The alleged uncertainty here is claimed to arise "over the question whether the deceased was struck with the revolver or the metal bullets with which the revolver was loaded. This is true since a 'bullet' is a projectile, usually of lead, to be impelled by a discharge or explosion, such explosion coming about through rapid combustion of gunpowder, and the instant indictment does not allege that the revolver was loaded with gunpowder and metal bullets. Rather, it alleges that it was loaded solely 'with metal bullets.' Consequently, the indictment can also mean that the revolver was 'shot' as 'shot' is considered to mean 'to let fly, or cause to be driven, with force, as an arrow, bullet, etc. . . .' "

We are not impressed with this argument.

The question of whether the deceased was struck with the revolver or the lead bullets with which it was loaded, was raised in *Green* v. *State* (1900), 154 Ind. 655, 57 N. E. 637, and in answer to such question there, this court at page 657, said:

"To discharge a loaded revolver does not mean to throw the revolver as a missile from the hand, but to free the revolver of the missile with which it is loaded, by firing."

In the present case, to "shoot" a revolver does not mean to throw it as a missile from the hand or to expel it from some mechanical device as a projectile, but to free it "of the missile with which it is loaded, by firing."

Appellant further contends that the indictment is not sufficient because there is no allegation that the revolver was loaded with "gunpowder and bullets," but only with "metal bullets." The fact that indictments which appear in a number of cases cited by appellant in her brief also include the word "gunpowder," *i.e.*, "loaded with gunpowder and bullets" does not establish a legal requirement that the word "gunpowder" must be used or the indictment will be subject to a motion to quash.

It is also asserted that "there is no certainty that a bullet struck the victim" in the present case.

The indictment here states, with certainty, that "purposely and with premeditated malice [appellant did] kill and murder" the victim by "shooting at and against" his body, "with a revolver loaded with metal bullets," thereby inflicting a mortal wound upon his body from which he died. This seems to us to charge a public offense with *more* than reasonable certainty and was sufficient to apprise appellant, the court, and the jury of the crime with which she was charged. Appellant here could not have been misled or prejudiced by the omission of the word "gunpowder" or by the failure of the indictment to allege specifically that the bullet struck the victim, and we cannot see where any of her constitutional or statutory rights were violated by

such omissions. In our opinion the indictment was sufficient as against the motion to quash.

Since the indictment herein was sufficient to withstand appellant's motion to quash, it is not subject to attack on the same grounds by a motion in arrest of judgment. *Lodyga and Mantych* v. *State* (1932), 203 Ind. 494, 500, 179 N. E. 542; *Greenley* v. *The State* (1877), 60 Ind. 141, 143.

No question has been raised here as to the sufficiency of the evidence or that appellant did not have a fair trial in which she was represented by capable and competent counsel. She has failed to sustain her burden of showing reversible error, and the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C. J., Jackson and Landis, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 165 N. E. 2d 149.