## STATE OF INDIANA *v.* SILVER.

[No. 30,187. Filed May 28, 1962.]

*Edwin K. Steers,* Attorney General, *Carl E. Van Dorn,* Deputy Attorney General, and *O. H. Roberts, Jr.,* Prosecuting Attorney, First Judicial Circuit, of Evansville, for appellant.

*Milford M. Miller,* and *W. C. Welborn,* both of Evansville, for appellee.

ARTERBURN, C. J.—The appellee herein was charged by a second amended affidavit in four counts with embezzlement. The four counts were worded the same, with the exception that the amount involved and the date of the alleged crime varied as to each count. For the purposes of this opinion we need set out the wording of only Count One, which (omitting the caption and signature) is as follows:

"EDWARD A SALISBURY being duly sworn upon his oath says that SOL SILVER on or about

the 8th day of APRIL A.D., at said County and State as affiant verily believes was then and there the President, agent, servant and employee of the ANCHOR FINANCE CORPORATION, a corporation, organized and doing business under the laws of the State of Indiana, at Evansville, Indiana, and the said SOL SILVER, by virtue of his office and employment as President, agent, servant and employee occupied a relationship of special trust to the said ANCHOR FINANCE CORPORATION, had access to the funds of said ANCHOR FINANCE CORPORATION then and there on deposit with the OLD NATIONAL BANK in Evansville, Evansville, Indiana, and had authority to sign and cash checks drawn on the said ANCHOR FINANCE CORPORATION. That while acting as President, agent, servant and employee of the ANCHOR FINANCE CORPORATION, a corporation, and by virtue of said office and employment as President, agent, servant and employee the said SOL SILVER had access to, control over, and possession of lawful and current money of the United States of America in the sum of One Thousand Dollars ($1,000.00), which the said ANCHOR FINANCE CORPORATION owned and to the possession of which the said ANCHOR FINANCE CORPORATION was then and there entitled and the said SOL SILVER did then and there, while in such employment, feloniously and fraudulently take, purloin, secrete and appropriate to his own use the *money aforesaid,* owned by the ANCHOR FINANCE CORPORATION, a corporation.

"Then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana." (Our italics)

The trial court sustained a motion to quash all four counts. There are certain technical questions raised with reference to the procedure in this appeal, to which we need not give consideration for the reason that the same may be easily remedied and would only delay a consideration of this case upon its merits.

Upon the sustaining of the motion to quash the State refused to plead further and an appeal on the sustaining of the motion to quash is presented to this court. The gist of the motion is that the words "money aforesaid" used in the latter part of the count are too indefinite and uncertain as to whether they refer to "current money" or "funds" obtained by drawing checks on the bank account of the finance corporation. The appellee contends that he is entitled to know exactly the nature of the money or funds that he is charged with appropriating, and that the words "money" and "funds" are interchangeable and are thus indefinite.

With this latter contention we cannot agree. It seems to us the affidavit is clear that the appellee is charged with taking "current money." Current money has a definite meaning and its use in an indictment of this nature has been approved. *Crawford* v. *State* (1900), 155 Ind. 692, 57 N. E. 931; 18 Am. Jur., Embezzlement, §6, p. 574.

From whom the finance company obtained the money and how it came under its control and ownership, is not a necessary allegation in an indictment. If the money was drawn from a bank account or from the sale of products or the collection of fees, so long as it was money owned by the finance company which the alleged embezzler held by virtue of his fiduciary relationship with the finance company, it is immaterial who previously owned or possessed the money.

In *Yoder* v. *State* (1935), 208 Ind. 50, 194 N. E. 645, this court said (at p. 63) :

> "It is further contended by appellant that there was no evidence offered by the State to prove the embezzlement of any money by the appellant,

and only evidence of the transactions of credit were introduced by the State. That under these circumstances there was a fatal variance between the affidavit and the evidence and that proof of embezzlement of credits or checks does not sustain an allegation of the embezzlement of money. We cannot assent to this contention." *State* v. *Ensley* (1912), 177 Ind. 483, 97 N. E. 113; *Hollingsworth* v. *The State* (1887), 111 Ind. 289, 12 N. E. 490.

We find the charges as worded to be sufficient. The case is remanded for further proceedings by the trial court, with directions to vacate its ruling sustaining the motion to quash, and thereupon overrule the appellee's motion to quash.

Bobbitt, Landis and Achor, JJ., concur.

Jackson, J., dissents without opinion.

NOTE.—Reported in 182 N. E. 2d 587.