STATE OF INDIANA *v.* MCCARTY.

[No. 30,119. Filed October 25, 1962.]

*Edwin K. Steers,* Attorney General, *Robert W. Mc-Nevin,* Deputy Attorney General, and *C. Jack Clarkson,* Prosecuting Attorney of Rush County, of Rushville, for appellant.

*Robert J. Elder,* of Rushville, for appellee.

ACHOR, J.—This is an appeal by the State of Indiana from an order of the Rush Circuit Court sustaining a motion to discharge the appellee, which motion to discharge was based upon Article 1, Section 12 of the Indiana Constitution as implemented by Acts 1905, ch. 169, §220, p. 584 [§9-1403, Burns' 1956 Repl.], commonly known as the three-term statute.

The circumstances pertinent to the discharge are as follows:

On April 29, 1960, appellee was charged in two counts with reckless driving [Count 1], and driving with improper lights [Count 2]. On June 6, 1960, appellee filed a motion to quash both counts, which motion was, on July 27, overruled as to Count 1, and sustained as to Count 2. On August 10, 1960, the state amended Count 2. On October 20, appellee again filed a motion to quash both counts on substantially the same grounds, which motion was sustained. Thereafter, on October 25, the state filed a new and amended affidavit in two counts and a motion to quash these affidavits was overruled by the court.

Thereafter, on March 30, 1961, the appellee filed a motion to discharge because of the delay in trial under the above acts. Evidence was submitted on the motion on April 14, 1961, after which, on April 19, 1961, the court sustained appellee's motion and ordered him discharged and the cause dismissed.

The three-term statute, upon which appellee based his action, reads as follows:

> "No person shall be held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than three [3] terms of court, not including the term at which a recognizance was first taken thereon, if taken in term time; but he shall be discharged unless a continuance be had upon his own motion, or the delay be caused by his act, or there be not sufficient time to try him at such third term; and, in the latter case, if he be not brought to trial at such third term he shall be discharged, except as provided in the next section." §9-1403, *supra*.

The terms of the Rush Circuit Court begin on the "1st Mondays in October and January, 2nd Monday in March and 3rd Monday in May of each year, . . ." Acts 1953, ch. 103, §1, p. 284 [§4-332, Burns' 1961 Cum. Supp.]. Thus, it appears that the motion to discharge the accused and dismiss the cause of action was filed in the 4th term of court, not counting the term at which recognizance was taken.

Appellee has filed a motion to dismiss the appeal on the following grounds:

1. That there is no statutory authority for the state to appeal a lower court's ruling on a motion for discharge in a misdemeanor case.

2. That the appeal was not timely taken.

3. That the state failed to properly serve the appellee pursuant to Rules 2-13, 2-15 and 2-15A of this court.

Appellee predicates his first contention on the theory that the offense with which the accused is charged is a misdemeanor and that appeals in cases of misdemeanor are authorized only under Acts 1905, ch. 135, §1, p. 429 [§9-2305, Burns' 1956 Repl.], which reads as follows:

"Hereafter, in all criminal cases of misdemeanor, touching the sufficiency of an affidavit, information or indictment, or touching any question of law occurring upon the trial, the state shall have the right to appeal to the Supreme or Appellate Courts: Provided, such appeal shall be taken within sixty [60] days after the rendition of judgment."

Obviously this statute does not purport to be controlling of appeals related to misdemeanor cases for grounds not specified in this section of the statute. Clearly, said section of the statute is not controlling of appeals authorized by the state under Acts 1955, ch. 315, §1, p. 968 [§9-2304, Burns' 1956 Repl.], which was subsequently amended so as to add the following additional ground for appeal:

"Second. From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, ... presented and ruled upon prior to trial."

Under the circumstances above presented, common rules of statutory construction are that both statutes in question will be construed so as to give validity to both, if possible, unless there is irreconcilable conflict between the statutes, under which circumstances preference is given to the validity of the statute which is later in time. In this case there is no basic conflict in the statutes with

respect to the *Second* provision of the latter, but, if there were, the latter with its provision . *Second* would prevail. This section makes provision for appeal from an order or judgment for the defendant upon his motion for discharge because of delay of his trial not caused by his act without reference to the character of crime involved. It is not material to this section [§9-2304 *Second*] whether the charge is a misdemeanor or a felony. There is no merit to appellant's first ground for dismissal.

Appellant's second ground for dismissal is predicated upon the contention that the appeal must be prosecuted within the 60 day period as provided by §9-2305, *supra,* whereas the appeal was in fact prosecuted on the 89th day after the judgment. However, as we have noted above, the appeal in this case is taken under §9-2304, *supra,* and is, therefore, not governed by the 60 day limitation of the earlier special statute. This appeal is governed by Rule 2-2 of this court which provides for a period of 90 days for the appeal in criminal cases generally.

The appeal in this case was prosecuted within the 90 day period of time. Therefore there is no merit to appellee's second ground for dismissal.

Appellee predicates his third ground for dismissal upon the fact that appellant's brief was delivered to the home of appellee's attorney, of Rush County; that the wife of appellee's attorney stated that he was out for the evening but that she would give him the briefs when he returned. There is no contention that the briefs were not delivered to the counsel for appellee, and the delivery made was in substantial compliance with the requirements of Rules 2-13, 2-15 and 2-15A of this court.

Therefore, there is no merit to appellee's third ground for dismissal.

We therefore proceed to consider the case upon its merits. The primary question of law presented to this court for determination is whether or not the filing of several motions to quash by the accused and sustained by the court constituted delay "caused by his act" which tolled the continuous operation of the three-term statute.

This court had the same question before it in *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203, in which we decided the issue adversely to the present position of the state. However, the state urges that we now overrule the Zehrlaut case on the the ground that, *in deciding that case*, we failed to take into consideration the fact that the sustaining of a motion to quash an information or indictment "wipes out" the information, and that thereafter the case stands as though the information had never been filed. In support of this contention the state cites the Missouri case of *State* v. *McKinley* (1957), 341 Mo. 1186, 111 S. W. 2d 115. A similar statement is contained in 42 C. J. S. *Indictments and Informations* §215 (1944), based upon cases in Missouri, Arizona and Florida. These cases provide us no precedent for this jurisdiction and the reasoning therein is of doubtful validity. Also, with respect to those cases, it is to be observed that, in *State* v. *McKinley, supra,* the case "wiped out" the indictment upon the sustaining of a motion to quash because no required statutory preliminary examination had been held *prior* to the issuance of the information. This was a defect, in substance, to the effect that there was nothing on which to substantiate the information. The Arizona and Florida jurisdictions merely state that there is no

"case pending" *in the interim* preceding the filing of an amended information as provided by statute.

Our attention is also directed to *State* v. *Silver* (1962), 243 Ind. 67, 182 N. E. 2d 587, 588, where this court held that an order sustaining a motion to quash would be considered as a final judgment on appeal by the state. A similar ruling was made in *State* v. *Andres* (1941), 148 Fla. 742, 5 So. 2d 7.

Relying upon the above decisions, it is the state's contention that the affidavit has been "wiped out," and that the recognizance by which the accused was held to answer the specific charge was also wiped out. Therefore, the state argues that the three terms under §9-1403, *supra,* must be considered to run from the time of the filing of the last affidavit or indictment since, at the time of the filing of the motion for discharge, this was the only charge by which the accused was held by recognizance.

We do not concur in the position of the state. Rather, we note, first, that the mere sustaining of the motion to quash is not a final judgment. It is only where the state has, by its appeal, elected to stand on the charges filed that this court has treated the sustaining of a motion to quash as a final judgment. *State* v. *Silver, supra.* This position is justified on the ground that, within the contemplation of the court and the parties, nothing more remained to be done preliminary to the appeal. Thus, for the purpose of the appeal, the order sustaining the motion to quash has all the characteristics of a final judgment and will be treated as such on appeal. However, in this case there was neither a judgment entered upon the sustaining of the motion to quash, nor an appeal from the sustaining of the motion to

quash. Therefore, even under appellant's theory, there was no final judgment which "wiped out" the charge.

Second, even though judgment was entered on the sustaining of a motion to quash, such judgment would not, under §9-1130, Burns' 1956 Repl., totally "wipe out" the charge. If this were true, it would be the duty of the court forthwith to discharge the accused. However, this is not the effect of the sustaining of a motion to quash under said section of the statute. Rather, under said §9-1130, *supra*, it is expressly provided that, following the sustaining of a motion to quash, "the defendant *shall not be discharged*," pending the filing of a new indictment or affidavit, unless, in the opinion of the court, the objections raised in the motion to quash cannot be avoided in a new charge. [§9-1403, *supra*.]

Under authority of §9-1130, *supra*, although the accused is retained under the original charge which has been quashed, the court has no authority to order the prosecuting attorney to file a new affidavit within a specified time. *State* v. *Taylor* (1956), 235 Ind. 632, 636-637, 137 N. E. 2d 537.

Thus, under the procedure prescribed in §9-1130, although "the motion to quash when sustained ends the prosecution under the pending affidavit or indictment," as stated in the Zehrlaut case, *supra* [230 Ind. 175, p. 183], the sustaining of the motion to quash does not "wipe out" the original charge. Rather, the statute and the cited case recognize the fact that the original affidavit or indictment, although quashed, continues to have the force and effect necessary to hold the accused by recognizance until such time as a prosecution, based upon the same factual circumstance, may be refiled. Under this circumstance the *recognizance* by which the appellant

was held for more than three terms of court was not "wiped out" by any or all of the several motions to quash which were sustained. It continued, unabated, during the entire period.

Finally, the state argues that the accused is not subject to discharge since the delay was "caused by his act [§9-1403] in the filing of the motion to quash. Neither reason, nor the cases cited, support the state's position upon this issue. In *Zehrlaut* v. *State, supra,* at page 183, this court stated:

> "Such a motion is in no sense a dilatory or delaying motion or proceeding on the part of a defendant. It is an essential part of the procedural law of the state in criminal cases, and its filing by the defendant may reasonably be anticipated by the state when a criminal charge is filed."

Therefore, the delay caused by the filing of such a motion will not, under the facts of this case, be charged to the accused.

To say that delay caused by the timely filing of a motion to quash a defective charge against the accused is a delay caused by the accused who timely calls the defect to the attention of the court, would permit an intolerable injustice upon the accused. If the rule sought by the state were adopted, the accused would be forced to accept one of two prejudicial courses of action: either file motions to quash which would, even though sustained, toll the three-term statute, or waive the defects by not filing the motions to quash, so as not to toll the three-term statute. No such burden should be placed on the defendant.

Under the ruling thus urged by the state, the state could, by the intentional filing of successive defective affidavits, keep an accused in jail or under

recognizance for the particular charge, with his ultimate trial or discharge being subject only to the will of the prosecuting attorney. The effect would be comparable to placing the accused under an indeterminate probation without first having filed a valid charge against him or having proved his guilt.

Article 1, §12, of the Indiana Constitution provides that "Justice shall be administered freely and without purchase; completely and without denial; ■ *speedily and without delay.*" [Our emphasis.]

Under the facts before us, considered within the purview of the constitutional mandate, we believe it is not too much to ask that the state prepare a valid affidavit or indictment against one accused of a crime and that it try him for the charge made against him within a period of two terms of court if he be incarcerated without bond, or if he be held by recognizance that he be tried within three terms of court, as provided by §9-1403, *supra,* enacted in implementation of Article 1, §12 of the Indiana Constitution.[1]

Judgment is, therefore, affirmed.

Arterburn, C. J., Bobbitt and Landis, JJ., concur.

Jackson, J., concurs in the result.

NOTE.—Reported in 185 N. E. 2d 732.

---

1. This opinion does not purport to decide the issue which may be presented under circumstances where a motion to quash is sustained and appeal therefrom is taken by the state and, on appeal, it is determined that the trial court erred in sustaining the motion to quash. Under such circumstances it would seem that the defendant should not have the advantage of the delay caused by an error of which he was the instigator.