STATE OF INDIANA *v*. LEED.

[No. 30,236. Opinion on Motion to Dismiss filed June 25, 1962. Opinion on Merits filed November 14, 1962.]

*Edwin K. Steers,* Attorney General, and *Donald L. Adams,* Deputy Attorney General, for appellant.

*Albert B. Chipman,* and *Chipman & Chipman,* of Plymouth, for appellee.

ON MOTION TO DISMISS.

ARTERBURN, C. J.—The appellee has filed a motion to dismiss this appeal. Appellee was charged in the court below with failure to support his children. The trial court sustained a motion to quash an amended affidavit and the State prayed an appeal therefrom. The motion to dismiss the appeal is based upon the failure of the record to show any final judgment was rendered herein from which an appeal may be taken. Burns' §9-2304 provides:

"Appeals to the Supreme Court may be taken by the state in the following cases:
"First. From a judgment for the defendant, on quashing or setting aside an indictment or affidavit, or sustaining a plea in abatement."

Rule 2-3 of this court provides in part:

"... No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

The trial court on January 8, 1962 made an entry as follows:

"Argument heard. Court sustains defendants Motion to Quash. Defendant is not discharged and his bond is not released."

It is contended this entry does not constitute a final judgment. On the other hand, it is stated that to remand the case back to the court to require it to go through the mere formality of stating that it is a final judgment and make an entry accordingly, could only serve to prolong a consideration of this case on the merits and could not possibly serve to benefit the appellee or the State.

In this case the proceeding, for all practical purposes, was ended in the trial court by the sustaining of a motion to quash and the failure of the State to file a further amended charge and in the action of the State in taking the appeal.

A similar situation existed in the case of *The State* v. *Allen* (1883), 94 Ind. 441. The record showed the following entry:

" ... And said motion being ready for hearing, it was submitted to court, who sustains said motion, and the said information is quashed, to which ruling the State excepts."

This court stated:

"The State has appealed, and assigned error upon *this judgment* quashing the information. (Our italics)

. . .

"The judgment appealed from in this case may not be strictly formal in all respects, but it was sustantially sufficient to put an end to all further proceedings upon the information, and consequently was a judgment for the appellee, quashing the information, within the meaning of

section 1882, above referred to. It does not necessarily follow that a defendant must be discharged to make a judgment quashing an indictment or information complete as a final judgement. After an indictment or information has been quashed, the defendant may nevertheless be detained for further proceedings against him. R. S. 1881, section 1760. The motion to dismiss the appeal can not therefore be sustained."

To the same effect is *The State* v. *Swope* (1863), 20 Ind. 106.

More recently, in the case of *State* v. *Silver*, (1962), 243 Ind. 67, 182 N. E. 2d 587, the same question arose, and we there stated:

"There are certain technical questions raised with reference to the procedure in this appeal, to which we need not give consideration for the reason that the same may be easily remedied and would only delay consideration of this case upon its merits."

We believe a correct interpretation of Rule 2-3 compels us to deny the motion to dismiss for the reasons stated. The defendant shows no prejudice. We are reinforced in this decision by Burns' §9-2320:

"In consideration of the questions which are presented upon an appeal, the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court, which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant."

The appellee's motion to dismiss is overruled and the appellee is given thirty days within which to file an answer brief on the merits.

Jackson, Bobbitt, Landis and Achor, JJ., concur.

## OPINION ON THE MERITS.

ARTERBURN, C. J.—This is an appeal by the State of Indiana as the result of the sustaining of a motion to quash an amended affidavit charging the appellee with the crime of non-support of his children. See: *State* v. *Leed*, 243 Ind. 402, 183 N. E. 2d 607, decided June 25, 1962, in which a motion to dismiss was overruled.

Appellee's memo to his motion to quash in part states:

"The amended affidavit fails to charge the defendant with living in Indiana on December 27, 1960.

. . .

"The statute refers to the father and not the children 'living in this state.'"

The question presented here is whether or not the father, who is charged with the non-support of his children, must be, under the statute, "living in this state" at the time of the alleged commission of the crime, or does that phrase refer to the location of the children? The statute reads as follows:

"*Parents—Support of children—Penalty—Suspension of sentence.*—The father, or when charged by law with the maintenance thereof, the mother of a child or children, under fourteen [14] years of age, living in this state who being able either by reason of having means or by personal services, labor or earnings, shall wilfully neglect or refuse to provide such child or children with necessary and proper home, care, food and clothing shall be deemed guilty of a felony, and upon conviction be punished by imprisonment in the state prison or reformatory for not more than seven [7] years nor less than one [1] year: Provided, That upon conviction the judge may suspend the sentence and, in the order suspending the sentence, may require the defendant to pay,

weekly or otherwise, as the court may determine, to the clerk of the court, for the support of the children, such sum as the court may deem necessary. Provided, further, That, upon the failure of such parent to comply with said order, he or she may be arrested by the sheriff or other officer and a warrant issued on the sworn complaint of a responsible person, or the praecipe of the prosecuting attorney, and brought before the court for sentence, whereupon the court shall pass sentence, or further suspend sentence, as may be just and proper." Acts 1913, ch. 358, §2, p. 956; 1915, ch. 179, §1, p. 654, being Burns' §10-1402, 1956 Repl.

The charge follows substantially the wording of the statute as follows:

### "AMENDED AFFIDAVIT FOR FAILURE TO PROVIDE FOR CHILDREN

"Loretta Mae Leed, being first duly sworn upon her oath says: That on the 27th day of December, 1960, at and within the County of Marshall and State of Indiana, one Roger C. Leed was then and there the father of the following children, to-wit:

"Katherine Lucille Leed, a girl seven (7) years of age.

"Stephen Roger Leed, a boy six (6) years of age,

"David Charles Leed, a boy five (5) years of age,

"Elizabeth Ann Leed, a girl three (3) years of age, and

"Peggy Sue Leed, a girl one (1) year of age, all of said children under the age of fourteen (14) years living in said County and State, and the said Roger C. Leed then and there being in said County and State and being able by reason of having means and by personal services, labor and earnings so to do, did then and there wilfully, unlawfully and feloniously neglect and refuse to provide his said children, Katherine Lucille Leed, Stephen Roger Leed, David Charles Leed, Elizabeth Ann Leed, and Peggy Sue Leed, with

necessary and proper home, care, food and clothing, Contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana.

"Loretta Mae Leed
"Loretta Mae Leed

"Approved by me, this 29th day of March, 1961.

"Donald K. Travis
"Donald K. Travis
"Prosecuting Attorney 72nd Judicial Circuit of Indiana

"My Commission expires: December 31, 1962 (LS)
"Subscribed and sworn to before me this 29th day of March, 1961.

"Roy Sheneman
"(LS)      "Roy Sheneman, Judge of The Marshall Circuit Court."

Courts are divided as to whether, under statutes containing no specific provision as to residence of the father, jurisdiction of a criminal offense of non-support of the children is defeated by the fact that the father has moved to another state or county during the period of time for which he is charged with non-support. See: Annotations, 44 A. L. R. 2d 899.

We are not concerned here with the policy of the law and the argument made that the denial of jurisdiction in such cases encourages the evasion of a parental duty by a delinquent father. The Indiana statute does fix the jurisdiction by the phrase "living in this state." The question here is, to which antecedent does the phrase refer? Normally, in a sentence the grammatical constructions in such cases create a reference to the nearest antecedent. In this case it is the children and not the father to whom the reference is made. This construction has been followed in this state. The statute does not fix the jurisdiction by reference to the father's location or residence, but rather that of the children.

In *Groenendyk* v. *State* (1926), 197 Ind. 697, 151 N. E. 730, this court reversed a trial court which refused to quash an indictment for the reason that the charge omitted the words of the statute "living in this state" and hence did not allege that the child was "living in this state." This court said:

"It is plain that the words of the statute 'living in this state' do not refer to the father of the child, but refer to the child. The fact that the child must live in this state becomes a material element of the offense. The offense is not well pleaded unless it is stated as a fact that the child is living in this state, from which it follows that the indictment is subject to the defect alleged in the motion to quash."

In *State* v. *Yocum* (1914), 182 Ind. 478, 106 N. E. 705, the mother, following a decree of divorce in which she was granted the custody of the children, moved to another county where she could better provide for them and herself, while the father remained in the county of their original home. The appellant was charged by affidavit for non-support in the county to which the children and their mother had moved. This court held that jurisdiction with reference to the enforcement of the support order made in the divorce action was still with the original county in which the divorce was granted. However, the *crime* of non-support (as distinguished from civil contempt proceedings) was committed in the county to which the children had moved and were presently living. This court said:

"By this statute the State has created a sharper and more effective spear for a dull or dormant sense of parental duty than that which was before the instrument of a court of equity in a divorce proceeding. It was the duty of appellee to support his infant children and the fact that he has been deprived of their custody at the

instance of the wife can not serve to relieve him of that duty.

. . .

"Personal presence is not an indispensable element in the locality of crime. A neglect to do an act is punishable in the county where the act should have been done."

Again, in *Gilmour* v. *State* (1952), 230 Ind. 454, 104 N. E. 2d 127, this court had before it a similar situation. This court there said:

"This court has further said that where the crime charged is an omission to do an act, the venue of the offense is in the county where the act should have been performed. The act in the case at bar to be performed was the support of the children. The place to perform the act, the omission of which act resulted in the crime charged, was in Rush County where the children resided."

In view of the decisions in this state, we must hold that the phrase "living in this state" in the statute (Burns' §10-1402) refers to the children and not to the father. The affidavit, being substantially in the words of the statute, is sufficiently definite as against the motion to quash. *Crumley* v. *State* (1933), 204 Ind. 396, 184 N. E. 533; *Nicholas* v. *State* (1960), 240 Ind. 463, 165 N. E. 2d 149; *Taylor* v. *State of Indiana* (1957), 236 Ind. 415, 140 N. E. 2d 104.

The order and judgment of the trial court is reversed, with directions to overrule the motion to quash and with further proceedings therein.

Landis, J., concurs.

Achor, J., concurs with opinion.

Jackson, J., concurs in result.

Bobbitt, J., dissents without opinion.

### CONCURRING OPINION.

ACHOR, J.—Because of the manner in which the statute we are called upon to construe [§10-1403, Burns' 1956 Repl.] is written, I believe it is subject to the construction urged by the appellee.

However, since this court in the case of *Groenendyk* v. *State* (1926), 197 Ind. 697, 151 N. E. 730, has placed a construction upon the statute adverse to that now urged by the appellee the precedent of which case is of long standing, and since the legislature has not seen fit to amend the act by placing different construction thereon, we must assume that the present legislative intention is consistent with the construction placed upon the act by this court in the case of *Groenendyk* v. *State, supra,* and that such construction is now controlling. In *Re Batt's Estate* (1942), 220 Ind. 193, 41 N. E. 2d 365; *Stout* v. *The Board of Commissioners of Grant County* (1886), 107 Ind. 343, 8 N. E. 222.

NOTE.—Motion to dismiss reported in 183 N. E. 2d 607. Opinion on merits reported in 186 N. E. 2d 5.