STATE OF INDIANA *v.* FLATER AND MCDANIEL

[No. 268S32. Filed February 3, 1969. Rehearing denied May 10, 1969.]

*John J. Dillon,* Attorney General, *Duejean C. Garrett,* Deputy Attorney General, for appellant.

*Earnest, Foster & Eder,* Rushville, for appellee, Jerry Flater.

*Hughes & Young,* Rushville, for appellee, Carl McDaniel.

HUNTER, J.—On August 8, 1967, an affidavit was filed against the two appellees charging them with the theft of three horses. On October 13, 1967, both appellees filed motions to quash the affidavit arguing that it was not sufficiently specific in its description of the appellees' conduct or in the specification of the ownership of the stolen property. On

November 3, 1967, the court sustained this motion to quash the affidavit. On January 2, 1968, the State filed a notice of its intention to appeal from this ruling and a praecipe for the transcript of record. On January 4, 1968, the court ordered the State to "plead over on or before January 12, 1968, or suffer this cause to be dismissed." On January 16, 1968, the trial court entered the following order:

> "The Court now dismisses this cause for failure of the State to plead over."

On February 16, the State filed its assignment of errors and transcript of record in the Indiana Supreme Court.

Supreme Court Rule 2-2 provides that in all appeals to this court the assignment of errors and transcript must be filed "within ninety (90) days from the date of the *judgment* or the ruling on the motion for a new trial . . ." The appellees contend that the quashing of an affidavit is a final and appealable judgment and that the ninety day limitation on bringing an appeal began to run in the case at bar on November 3, 1967.

This Court has held that the State can appeal from a ruling sustaining a motion to quash the affidavit. *State v. Leed* (1962), 243 Ind. 402, 183 N. E. 2d 607. *State v. Silver* (1962), 243 Ind. 67, 182 N. E. 2d 587. See also, *The State v. Allen* (1883), 94 Ind. 441; *The State v. Swope* (1863), 20 Ind. 106. In these cases the court has reasoned that the appeal should be allowed not because the sustaining of a motion to quash is a final judgment, but rather because it should be "treated"as a final judgment:

> ". . . the mere sustaining of the motion to quash is not a final judgment. It is only where the state has, by its appeal, elected to stand on the charges filed that this court has treated the sustaining of a motion to quash as a final judgment. *State v. Silver, supra.* This position is justified on the ground that, within the contemplation of the court and the parties, nothing more remained to be done pre-

liminary to the appeal. Thus, for the purpose of the appeal, the order sustaining the motion to quash has all the characteristics of a final judgment and will be treated as such on appeal." *State v. McCarty* (1962), 243 Ind. 361, 367, 185 N. E. 2d 732.

We believe that the ninety day limitation should begin to run from the time an appeal can be brought regardless of whether this ruling is characterized as a final judgment or is simply "treated" as a final judgment for the purposes of allowing the appeal. It follows that since the State has had a right to appeal the quashing of the affidavit since November 3, 1967, that they are required by Rule 2-2 to file the assignment of errors and transcript of record within ninety days from that date. Not having done so, the appeal must be dismissed.

We expressly overrule *State v. Hazelwood* (1922), 192 Ind. 261, 135 N. E. 797, and all other cases in conflict with the holding in this opinion.

Appeal dismissed.

DeBruler, C.J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 244 N. E. 2d 223.