**STATE of Indiana, Appellant**
**(Plaintiff Below),**

v.

**Frank G. MOORE, Appellee**
**(Defendant Below).**

**No. 34A04–8910–CR–450.**

Court of Appeals of Indiana,
Fourth District.

April 26, 1990.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

James R. Fleming, Simmons & Fleming, Kokomo, for appellee.

CONOVER, Judge.

Plaintiff–Appellant State of Indiana appeals the trial court's grant of Defendant–Appellee Frank G. Moore's (Moore) motion to dismiss the charging information.

We affirm.

One issue is presented for our review, which we restate as:

whether the trial court erred in dismissing the charging information on the basis of a prior court's dismissal on the merits.

On February 5, 1987, Moore was charged by Indictment with: Count I, False Inform-

ing, and Count II, Assisting a Criminal, in Cause No. 34C01–8702–CF–16. Moore filed a motion to make the indictment more specific, which was granted by the trial court on September 25, 1987. Subsequently, Moore filed a motion to dismiss the indictment. The trial court granted the motion as it pertained to Count II because the State did not amend the count. After the dismissal, the State again filed the same indictment and affidavit for probable cause concerning Count II. On March 25, 1988, the court denied the affidavit, stating:

> State of Indiana's Affidavit for Probable Cause previously filed on March 22, 1988, having been presented to Special Judge for review, is now denied for the reason that said Affidavit for Probable Cause re-alleges the sme [sic] facts that were the subject of State of Indiana's original Count II of the Indictment which was dismissed by order of this Court, dated September 25, 1987 and September 7, 1987 for failure on the part of the State of Indiana to make more specific and file Amended Indictment to Count II. Accordingly, the issuance of a warrant by the Court at this time based upon the State of Indiana's Affidavit for Probable Cause tendered March 22, 1988, which is nothing more than a re-allegation of the facts that were dismissed under original Count II of the Indictment, which dismissal constituted an adjudication [sic] on the merits, would constitute double jeopardy. State of Indiana's Affidavit for Probable Cause is, therefore, denied. Court notifies counsel.

(R. 29).

The State did not appeal the trial court's decision, but instead filed an information in a new action with the Howard Circuit Court on July 14, 1988. The same probable cause affidavit was filed with the information. The new action was designated Cause No. 34D02–8807–CF–275.

Moore filed a motion to dismiss the new action. The court granted Moore's motion, stating

> Comes now the Court in response to Defendant's Motion to Dismiss and, by agreement of the parties, reviews this cause on documents submitted and without hearing. In deciding this cause the Court has also reviewed the file in Cause No. 34C01–8702–CF–16, captioned State of Indiana versus Frank Moore, in the Howard Circuit Court.
>
> The Court finds that the Probable Cause Affidavit submitted in the instant cause is the same affidavit submitted to the Howard Circuit Court in 34C01–8702–CF–16 on March 22, 1988. In response to that submission, Special Judge Thomas Hunt made the following entry: ...
>
> This Court also concludes, as did Judge Hunt, that resubmission of the subject Probable Cause Affidavit constituted double jeopardy in the Circuit Court cause of action, and that submission of the same Probable Cause Affidavit in this cause without attempting to challenge the ruling made by Judge Hunt clearly constitutes double jeopardy. This cause is therefore dismissed.

(R. 30).

The State now appeals the trial court's dismissal of the second action.

The State contends it may always refile charges absent a showing the substantial rights of the accused have been prejudiced, as where a speedy trial is found to have been denied or jeopardy attached in the first prosecution. Moore, on the other hand, argues the court in the instant action is warranted in relying on the original court's determination because the previous dismissal was a final judgment on the merits.

The State cites *Dennis v. State* (1980), Ind.App., 412 N.E.2d 303, 304–305, in support of its argument. In *Dennis*, the court in the original action dismissed the charges against the defendant when the State was not ready to proceed on the day of trial. The State refiled the same charge on the next day, and the defendant filed a motion to dismiss. The court denied the defendant's motion, and the defendant appealed. On appeal, we framed the question as whether the original dismissal was "with prejudice," thus preventing the State from refiling the charges. We cited to IND. CODE 35–3.1–1–4 which expressly states

an "order of dismissal shall not, of itself, constitute a bar to a subsequent prosecution of the same offense." We expressed our offense at the lack of procedural fair play involved in the State's actions, but concluded the larger public policy favoring prosecution outweighed the procedural fair play. We noted the larger policy would be overridden where the defendant showed expiration of the statute of limitations, denial of speedy trial rights or the attachment of jeopardy.

 The *Dennis* case is distinguishable from the case at bar. In *Dennis*, the dismissal of the charges in the original action did not reflect upon the merits of the charges. Here, the court determined the original charge was defective because it lacked specificity. This was a decision on the merits. We read *Dennis* and IC 35-3.-1-1-4 to allow the State to refile charges in this case, but not to continue filing charges already judicially determined to be defective.

The State also contends the court erred because jeopardy had obviously not attached. Although the State denies it is doing so, it is obviously making a collateral attack on the previous court's determination. This is evidenced by the State's invitation for us to examine the evidence pertaining to the prior court's actions.

 We note the dismissal of an indictment is not a final judgment *per se*, but may be "treated" as a final judgment where warranted by the circumstances. *State v. McCarty* (1962), 243 Ind. 361, 185 N.E.2d 732, 736. In *McCarty*, our supreme court held where the State elects to stand on the charges as filed, such as by appeal, the denial of the charge is treated as a final judgment. *Id.* Thus, for purposes of appeal, the statute of limitations pertinent to the filing of an appeal begins at the time the trial court's ruling is made, whether the ruling is characterized as a final judgment or is simply treated as one. *State v. Flater* (1969), 252 Ind. 11, 244 N.E.2d 223, 224.

In the present case, the State filed its indictment and the trial court ruled it defective. When the State elected not to amend the indictment but instead to refile the same indictment, it was electing to stand on the charge as filed. The court's ruling became a final judgment and the State was required to initiate an appeal pursuant to Ind. Appellate Rule 3. The State may not collaterally attack the judgment unless the judgment is void because of a clear usurpation of power by the trial court. *Persinger v. Persinger* (1987), Ind. App., 531 N.E.2d 502, 503 (citing *Schoffstall v. Failey* (1979), 180 Ind.App. 528, 389 N.E.2d 361, 363). The State has not shown how the prior judgment was void. Thus, when the State failed to timely file an appeal of the dismissal, the dismissal became the law of the case. The court in the case at bar was correct in ruling the State was prohibited from refiling the identical defective charge in the present action.

Affirmed.

CHEZEM, P.J., concurs.

SULLIVAN, J., concurs in result.